Diane L. PEPIN

v.

Roger L. PEPIN.

Supreme Judicial Court of Maine.

Argued March 12, 1981.

Decided April 3, 1981.

Willard, Kellis & Wood, George F. Wood (orally), Basil L. Kellis, Sanford, for plaintiff.

J. Armand Gendron, Sanford, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, GLASSMAN, ROBERTS and CARTER, JJ.

PER CURIAM.

The defendant, Roger Pepin, appeals from a judgment of the Superior Court, York County, affirming a decree of divorce and division of marital property entered in the District Court, District Ten, on August 20, 1979. The husband concedes that the real estate, which he claims was unjustly divided, is marital property. We affirm the judgment.

The District Court determined that the marital property had a value of $75,000. The wife testified that she brought into the marriage approximately $2,500. The District Court found that during the approximately six years of marriage the wife was an active homemaker. The court also found that she contributed substantial labor to the improvements on the property. The court awarded the wife real estate valued at $25,000 as her share of the marital property. "The division of marital property is a matter committed to the sound discretion of the divorce court." *Bryant v. Bryant*, Me., 411 A.2d 391, 393 (1980). We find no abuse of discretion.

Contrary to the requirements of M.R.Civ.P. 75A(a)(2), the defendant-appellant's brief did not contain a statement of the facts of the case. Neither did the brief contain any citation of authority other than a citation to 19 M.R.S.A. § 722–A(1). The standard by which this Court reviews distribution of marital property by the divorce court is well established. *See, e. g., Bryant v. Bryant, supra*, and cases therein cited. Without notice to the Court and presumably without notice to the appellee, the appellant failed to appear at the time established for oral argument. These circumstances justify assessment of treble costs.

The entry is:

Judgment affirmed.

Cross-appeal dismissed.[1]

Treble costs awarded appellee.

All concurring.

1. The plaintiff, Diane Pepin, did not cross-appeal from the District Court to the Superior Court for review of the District Court's decision not to award alimony. We will not enter-

tain her purported cross-appeal from the Superior Court judgment affirming the District Court. *See generally Littlefield v. Littlefield,* Me., 292 A.2d 204 (1972).