**AUBURN HARPSWELL ASSOCIATION, et al.**

v.

**Alan V. DAY and Thelma Page Day.**

Supreme Judicial Court of Maine.

Argued Sept. 15, 1981.

Decided Dec. 9, 1981.

Verrill & Dana, Howard H. Dana, Jr., Portland (orally), for plaintiff.

Howard & Bowie, Joel F. Bowie (orally), Damariscotta, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

PER CURIAM.

In July 1976, plaintiffs Auburn Harpswell Association (hereinafter referred to as A.H. A.), Ruth Abbott Estes Bishop, Robert C. Porter and Phyllis D. Abbott, and Roger C. Conant commenced four actions against defendants Alan V. Day and Thelma Page Day in Superior Court, Cumberland County, to quiet title to land respectively occupied by them in the Town of Harpswell and also claimed by defendants. Plaintiffs A.H.A.

and Bishop also asserted other claims against defendants. Defendants asserted record title in themselves to the disputed parcels and, in the alternative, title by adverse possession.

By agreement of all parties, the four actions were consolidated for trial and were specially assigned to be tried without a jury. It was further agreed by all parties that the issues dealing with record title and location on the face of the earth of the lands in question were to be tried first and the claims of title by adverse possession and for damages to be tried later. On September 22, 1978, the parties filed a lengthy and detailed joint pretrial memorandum, including a summary of issues to be tried.

On December 27, 1978, immediately before trial of the record title issues, the following stipulation and order were entered:

> The parties agree that this action may proceed as a declaratory judgment action, as an action to quiet title, as a real action, or as an action for trespass, and at the conclusion of the evidence, the court may enter whatever judgment appropriate. The parties being in agreement, is so ordered [*sic*].

Following trial of the issues of record title and location on the face of the earth of the parcels in question, the presiding justice filed detailed findings of facts and conclusions sustaining the claim of each plaintiff to the land they owned by record title and finding that defendants did not have record title to any of the land they claimed except the parcel conveyed to them in 1968, unclaimed by any plaintiff. On October 9, 1979, the parties filed a "Joint Pretrial Memo for Remaining Issues", identifying those issues as (1) claims of defendants of title by adverse possession to six separate parcels of land, (2) plaintiff Bishop's claim for actual and punitive damages, and (3) plaintiff A.H.A.'s claims for damages for cutting down an ornamental mountain ash tree. Trial on those issues took place on October 30–31, 1979, following which the presiding justice entered his findings and conclusions ruling against defendants on all

of their claims of title by adverse possession and in favor of plaintiffs A.H.A. and Bishop on their damages claims. On September 19, 1980, the presiding justice issued a forty-three paragraph "AMENDED FINDINGS AND CONCLUSIONS, AND ORDER" reiterating all of his prior findings and conclusions and further ordered a hearing to determine the allocation of the costs of his court ordered survey and preparation of a plan reflecting his findings concerning the location of monuments and boundary lines on the several parcels of land involved in the consolidated cases. Following this hearing, the presiding justice assessed the costs of the survey and plan to defendants. Defendants have appealed the judgment, asserting several errors of fact and law committed by the presiding justice. On appeal, plaintiffs have asked that this Court award them additional costs under the provision of Rule 76(f) M.R.Civ.P. on the ground that the appeal is frivolous. We agree and therefore discuss the issues in detail to demonstrate that the appeal is frivolous.

## I.

The presiding justice did not commit any error of law in ruling that defendant Thelma Page Day could not testify as to the contents of certain deeds and could not recite her contentions as to such contents. Even had defendants preserved this point on appeal by making an offer of proof, M.R.Evid. 103(a)(2), the justice's ruling was clearly correct. Mrs. Day's testimony was excludable under M.R.Evid. 403 (needless, cumulative evidence), M.R.Evid. 1002 (best evidence rule), or M.R.Evid. 702 (not qualified as an expert), depending upon whether the relevant deed was in evidence. Without any offer of proof, we cannot tell from the transcript what deeds Mrs. Day sought to testify about. It is clear, however, that defendants were not denied the admission in evidence of any deeds they considered relevant nor was their counsel prevented from arguing to the court the relevance and significance of such deeds.

## II.

Defendants contend that the presiding justice committed an error of law in awarding A.H.A. double damages for the cutting down of its tree. The justice found that defendant Alan V. Day had willfully and knowingly cut down an ornamental tree valued at $900.00 without license of the owner, A.H.A., and, by operation of 14 M.R. S.A. § 7552 (1965), awarded A.H.A. double damages of $1,800.00.[1] Defendants do not contest that Mr. Day cut down the tree but assert that because 14 M.R.S.A. § 7552 is a penal statute, A.H.A. was required to specifically plead the statute, which they failed to do, before double damages could be awarded, citing *Palmer v. York Bank*, 18 Me. 166 (1841). We note for the purpose of accuracy only, that this statute is remedial and not penal in nature. *Michaud v. City of Bangor*, 160 Me. 285, 203 A.2d 687 (1964); *Black v. Mace*, 66 Me. 49 (1876). This is of no consequence however, to the case at bar because a joint pretrial memo specifically identified A.H.A.'s claim for double damages as one issue remaining for trial. It is clearly the law in this State that pretrial memoranda supersede pleadings and govern the trial. *Cyr v. Cote*, Me., 396 A.2d 1013 (1979). Second, the issue was tried without objection. Issues not raised by the pleadings but tried by express or implied consent of the parties are treated in all respects as if they had been raised in the pleadings. M.R.Civ.P. 15(b). Finally, the finding of fact of $900.00 as the value of the tree was not clearly erroneous and is supported by credible evidence.

## III.

Defendants' next issue on appeal addressed their assertions that the presiding

justice erred in awarding exemplary damages to plaintiff Bishop and that the amount awarded her was excessive.[2] The court below found that defendant Alan Day "willfully, knowingly and maliciously interfered with plaintiff Bishop", awarded her $50.00 actual damages and $3,000.00 exemplary damages. Our review of this award is limited to deciding whether the findings of fact are clearly erroneous. M.R.Civ.P. 52(a).

The court below could have found the following facts: for several years prior to 1970, Mrs. Bishop had used the disputed parcel without complaint by defendant's grantor; that from 1970–1976 Mr. Day mowed over Bishop's rhubarb and peony beds, moved a fence she put up around a garden, dug up her pole beans and planted a lilac bush in their place, moved an animal house repeatedly and finally threw it over a stone wall, and pulled up stakes which a surveyor had put in to mark the boundary. In light of this evidence, we find that the punitive damages award was not clearly erroneous. We find no merit to defendant's suggestion that the award of $3,000.00 punitive damages is excessive where only $50.00 actual damages are awarded. *See Carleton v. Fletcher*, 109 Me. 576, 85 A. 395 (1912).

## IV.

The Days claimed title by deed or, in the alternative, by adverse possession, to a trapezoidal parcel lying west of their lot and extending to the shore of Potts Harbor. The court below found that they had "no right, title or interest in or to any strip of land running" westerly from their lot. We agree with the court below that the defendants introduced no evidence at all that they

---

1. At the time applicable to this case, 14 M.R. S.A. § 7552 provided as follows:

 Whoever cuts down, destroys, injures or carries away any ornamental or fruit tree, timber, wood, underwood, stones, gravel, ore, goods or property of any kind from land not his own, without license of the owner, or injures or throws down any fences, bars or gates, or leaves such gates open, or breaks glass in any building is liable in damages to the owner in a civil action. If said acts are

committed willfully or knowingly, the defendant is liable to the owner in double damages.

2. Neither party has questioned the propriety of awarding punitive damages as a matter of judicial discretion. We assume, therefore, for the purposes of this opinion, that exemplary or punitive damages may be awarded where there is a rational finding of wanton, malicious, reckless or grossly negligent conduct.

had possessed the disputed parcel for the requisite twenty year period. 14 M.R.S.A. § 801. The presiding justice was correct in finding that the plaintiffs had proved record title in themselves and that the Days' claim of title was unsubstantiated.

### V.

The court below, on agreement of both parties, ordered that a survey and plan of the disputed parcels be made in accordance with its final judgment under the authority of 14 M.R.S.A. § 6851.[3] The fee charged for this survey was $1,000.00, of which $100.00 was to be paid by a nonparty. After a hearing and pursuant to 14 M.R.S.A. § 6852,[4] the presiding justice ordered defendants to remit the remaining $900.00 to the surveyor, allocating costs to the losing party.

■ Defendants' argument, though obscure and imperfectly briefed, seems to be that such an award was improper and punitive. The trial court's decision must stand unless there was an abuse of discretion, and defendants have the burden of proving that the judge abused his statutory discretion to apportion costs. *See Higgins v. Higgins*, Me., 370 A.2d 670 (1977). We find no support for defendants' position, in either their brief or the record, and accordingly affirm the decision below on this issue.

3. 14 M.R.S.A. § 6851 (1980) reads:

§ 6851. *Court may appoint and protect surveyors*

The court may appoint a surveyor to run lines and make plans of lands demanded in a real or mixed action, or in an action in which the title to land is involved, as shown by the pleadings filed, on motion of either party.

4. 14 M.R.S.A. § 6852 (1980) reads:

§ 6852. *Fees of surveyor; determination of amount paid by parties*

The amount of the fees and necessary expenses of such surveyor shall be fixed and determined by the court upon the acceptance of the report, and shall be paid as follows: If the court is of the opinion that such fees and expenses, or some portion of the same, ought to be paid by the county, then the amount thereof to be paid by the county, whether the whole or a part shall, after notice and hearing to the county, be fixed and determined by the

In summary, we determine that the presiding justice did not commit any error of fact or law in any of the defendants' grounds on appeal and, accordingly affirm the judgment in all its parts.

### VI.

At oral argument plaintiffs urged the court to exercise its power under the provisions of M.R.Civ.P. 76(f) and impose sanctions of treble costs and attorney's fees upon defendants for prosecuting a frivolous appeal. This new provision became effective September 1, 1980,[5] and reads as follows:

"(f) *Additional Costs.* If the Law Court determines that an appeal, motion for rehearing, or other proceeding before it, is frivolous or instituted primarily for the purpose of delay, it may award to the opposing parties or their counsel treble costs and reasonable expenses, including attorney's fees, caused by such action."

Until the promulgation of Rule 76(f), 14 M.R.S.A. § 1802 (1980) authorized the Law Court to allow the prevailing party treble costs if an appeal was found to be frivolous and intended for delay. We therefore address for the first time application of this new provision.

■ At the outset, we make it clear that we do not intend to exercise the authority granted to us in the new Rule 76(f)

court and the amount so fixed and determined shall be paid by the county on presentation of the proper certificate of the clerk of courts for that county. After notice to all parties and a hearing held thereon, if the court is of the opinion that the whole or any part or portion of such fees and expenses should be paid by the parties to the action, or by either of such parties, then the court may fix and determine the amount to be paid by such parties, or by either of such parties, and the amount determined to be due from such parties, or by either of such parties, shall have the force and effect of a judgment in favor of the surveyor against such parties or either of such parties and any execution upon such judgment may run against the body of such party or of either of such parties.

5. Defendants took this appeal on December 24, 1980.

except in egregious cases. To do otherwise would result in an improper chilling of the exercise of litigants' right to appeal decisions of lower courts or administrative agencies. We do intend, however, to exercise this power when in our judgment we reach a conclusion that an appeal is obviously without any merit and has been taken with no reasonable likelihood of prevailing, and results in delayed implementation of the judgment of the lower court; increased costs of litigation; and dissipation of the time and resources of the Law Court.

Addressing the merits of the appeal, although defendants assigned three separate errors of law on appeal, the only decision cited in their brief was an 1841 Maine case dealing with pleading requirements which was clearly not applicable to this case. At oral argument, defendants challenged at length a finding by the court below not assigned as error on appeal. We find that defendants had no reasonable basis for challenging the presiding justice's conclusions of law. We further find that there was substantial and weighty evidence to support each of his findings of fact. Defendants could not have reasonably believed that this appeal had any chance of success. Accordingly, we conclude that this appeal was frivolous. We award plaintiffs treble costs and attorney's fees in the amount of $1,000.00.[6]

The entry is:

Appeal denied.

Judgment affirmed.

Further ordered that defendants pay to plaintiffs treble costs and $1,000, towards their attorney's fee.

All concurring.

---

6. We do not intend that the award of $1,000.00 as attorney's fees reflect any assessment by this court of the actual value of the services provided by plaintiffs' counsel in the prosecution of this litigation. The amount awarded as attorney's fees is determined solely as an appropriate sanction to the defendants in this case.