SPORT–OBERMEYER, LTD., Silva Company, Look Sports, Inc., Hatchers Manufacturing, Inc., Halstead Imports, Inc., Beconta, Inc., American Sports, Inc.

v.

David ARSENAULT, Leonide Arsenault and Muriel Arsenault, d/b/a Blackie's Ski Shop.

Supreme Judicial Court of Maine.

Argued June 16, 1982.

Decided July 7, 1982.

Hanscom & Carey, Thomas S. Carey (orally), Rumford, for plaintiffs.

David W. Austin (orally), Rumford, for defendants.

Before McKUSICK, C. J., NICHOLS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A. R. J.

MEMORANDUM OF DECISION.

Defendants appeal the seven separate judgments entered by the District Court following a consolidated trial on seven complaints on account annexed. We deny the appeal.

Defendants seek to assert that the judgments are unsupported by any evidence that the individuals named as defendants engaged in business as Blackie's Ski Shop. The answers filed jointly by the three defendants contain a general denial of the account indebtedness, but in the body of each answer defendants identified themselves as "defendants David Arsenault, Leonide Arsenault and Muriel Arsenault, doing business as Blackie's Ski Shop." Such answers are fairly construed as a judicial admission of the business affiliation and dispense with the need for further evidence on that issue.

Pursuant to M.R.Civ.P. 76(f) this Court finds the appeal in this case to be frivolous and awards treble costs to the plaintiffs. The criteria for the imposition of sanctions set forth recently in *Auburn Harpswell Ass'n. v. Day*, Me., 438 A.2d 234, 239 (1981), are fully satisfied.

The entry is:

Judgment affirmed.

Further ordered that defendants pay to plaintiffs treble costs.

All concurring.