ESTATE OF Ernest F. BONIN, Sr.

Supreme Judicial Court of Maine.

Argued March 15, 1983.

Decided April 5, 1983.

James H. Dineen (orally), Kittery, for appellant.

Daughan & Kugler, John Kugler (orally), Francis P. Daughan, Wells, for appellee.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

PER CURIAM.

Respondent-appellant James H. Dineen, Esq., the personal representative under the will of Ernest F. Bonin, Sr., appeals from

two separate orders entered in the York County Probate Court removing him as representative of the estate and requiring him to pay damages and other costs to the estate. We affirm the judgment of the Probate Court. We also determine that the appeal is frivolous and award treble costs and counsel fees to the appellee pursuant to M.R.Civ.P. 76(f).

### I.

Petitioner-appellee Eula M. Bonin is the widow and a beneficiary under the will of Ernest F. Bonin, Sr. who died on September 20, 1978 leaving both real and personal property valued at approximately $70,000. As Bonin's friend and attorney, Dineen drafted and witnessed the will approximately two weeks before the decedent's death. Under the terms of the will, Dineen was nominated and subsequently appointed as personal representative in November of 1978.

This relatively simple estate was not yet settled on July 29, 1981 when Eula Bonin filed a motion to remove Dineen as personal representative. The complaint listed thirteen grounds for removal including: (1) failure to act with due diligence to sell the estate's real property; (2) failure to pay debts and taxes on time thereby creating interest charges; and (3) failure to deposit proceeds from the sale of real estate and other funds into an interest-bearing bank account. On February 3, 1982 the Probate Court removed Dineen as personal representative [1] and ordered an evidentiary hearing on the issue of damages to the estate. See 18–A M.R.S.A. § 3–712 (1981).

The evidentiary hearing was originally set for February 23, 1982, but was continued three times—twice at Dineen's request—until May 4, 1982. Following the hearing, the Probate Court entered findings and an order on June 2, 1982. The court found damages in three of seven issues outlined for the hearing. The probate judge ordered Dineen to (1) reimburse the estate $1,667.30 in damages for interest lost as a result of Dineen's failure to place proceeds, primarily from the sale of real estate, into an interest-bearing account; [2] (2) refund the estate $500.00 of the $3,250.00 he collected in fees; and (3) pay court costs to the estate. In assessing the damages, the Probate Court found that Dineen failed to meet his fiduciary duty as personal representative.

On June 9, 1982 Dineen filed a notice of appeal to the Law Court. Pursuant to an order of the Chief Justice, the York County Probate Court appointed Eula Bonin to serve as special administrator of the estate and directed her "to appear through counsel" at oral argument. Dineen represented himself at oral argument, submitting an eight page brief which failed to support his arguments with legal authority.

### II.

In *Estate of Baldwin*, 442 A.2d 529, 532–37 (Me.1982), we outlined the fiduciary responsibilities that a personal representative owes to an estate. Although decided under the old probate code, *Baldwin* adopted the "prudent person" standard that is now codified in 18–A M.R.S.A. § 7–302(a) (1981) and made applicable to personal representatives by 18–A M.R.S.A. § 3–703(a) (1981). Section 7–302(a) provides that the trustee or personal representative "shall observe the standards ... that would be observed by a prudent person dealing with the property of another...." We have interpreted this provision to require the personal representative "to use good faith and prudence consistent with his duty" and to "preserve from depletion the total fund in which all

1. The order recites that the motion for removal was granted by default. Although the record reflects that a hearing was held on the motion for default judgment as well as Dineen's motion under M.R.Prob.P. 60(b), we have not been given a transcript of that proceeding. In any event, the evidence presented on the issue of damages amply demonstrates grounds for removal.

2. The sum assessed is based on the estimated loss from August 1979 given an interest rate of 5¼%.

the beneficiaries will share." *Baldwin,* 442 A.2d at 532 (citations omitted).

■ Evidence in the record was more than adequate to support the Probate Court's finding that Dineen failed to meet his fiduciary duty as personal representative of the estate. The record reveals that Dineen failed to settle this estate expeditiously and efficiently in violation of 18–A M.R.S.A. § 3–703(a) and § 3–704 (1981). Further, the record reveals that Dineen was unable to cooperate and communicate adequately with the decedent's widow—a primary beneficiary under the will. *See Baldwin,* 442 A.2d at 533. Finally, there is ample evidence to support the Probate Court's finding that Dineen was responsible for the fact that the sizeable proceeds from the sale of real estate were not deposited in an interest-bearing bank account.[3] In *Baldwin* we ordered the executor to pay a surcharge for losses resulting from mismanagement of the estate, in addition to all costs on appeal.

■ We conclude that the Probate Court was well within its authority in removing Dineen as personal representative of the estate and in assessing what amounts to a surcharge for losses resulting from deficiencies in the management of the estate. Moreover, we award appellee treble costs pursuant to M.R.Civ.P. 76(f). We have stated our intention to exercise this power in "egregious cases" when in our judgment an appeal "is obviously without any merit ... has been taken with no reasonable likelihood of prevailing, and results in delayed implementation of judgment of the lower court; increased costs of litigation; and dissipation of the time and resources of the Law Court." *Auburn Harpswell Association v. Day,* 438 A.2d 234, 238–39 (Me.1981). We find that this appeal, prosecuted by an attorney representing himself, was completely without merit, frivolous, and intended for delay. *Boothbay Register, Inc. v.*

*Murphy,* 415 A.2d 1079, 1080 (Me.1980) (citing M.Bar R. 3.7(a)). Dineen's brief failed to contain any citation to authority other than 18–A M.R.S.A. §§ 3–719 to 3–721 (1981).[4] At oral argument, Dineen failed to argue any law, attempting instead to give testimony on his behalf. "These circumstances justify assessment of treble costs." *Pepin v. Pepin,* 429 A.2d 1005 (Me.1981); *see also Auburn Harpswell Association,* 438 A.2d at 239; *Boothbay Register, Inc.,* 415 A.2d at 1080. In addition, we award appellee so much of her actual attorney's fees as does not exceed the sum of $1,000.00. *See Auburn Harpswell Association,* 438 A.2d at 239.

The entry is:

Judgment affirmed.

Further ordered that appellant pay to appellee treble costs and so much of her actual attorney's fees as does not exceed $1,000.00.

All concurring.

---

3. Dineen does not object to the determination that he owed a fiduciary duty to insure that the funds of the estate earned interest. Rather, he argues that the bank was at fault.

4. In addition, these provisions were incorrectly cited as *18* M.R.S.A.