E. Paul BRANDIS

v.

Priscilla B. BRANDIS.

Supreme Judicial Court of Maine.

Argued Sept. 4, 1986.
Decided Oct. 8, 1986.

Mittel & Hefferan, Michael P. Asen (orally), Portland, for plaintiff.

**1154**

Cumberland Legal Aid Clinic, Vilian Taggersell (orally), Christopher Taintor, (Student Attys.), Leonard I. Sharon, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, SCOLNIK and CLIFFORD, JJ.

PER CURIAM.

The defendant, Priscilla B. Brandis, appeals from a post-judgment order of the Superior Court (York County) modifying the child visitation privileges that were granted to her former husband, the plaintiff, E. Paul Brandis.

The parties obtained a divorce on July 25, 1984, on the grounds of irreconcilable differences. The Superior Court awarded custody of the two minor children to the defendant, while granting the plaintiff "reasonable visitation by and with the children on reasonable notice to Defendant, such visitation to occur within the same geographical locale as Defendant's place of residence." We affirmed the Superior Court judgment with respect to the marital property, child custody and child support issues, but vacated the award of attorney's fees. *See Brandis v. Brandis*, 489 A.2d 1110 (Me.1985). Upon the plaintiff's motion, the Superior Court modified the visitation provision, finding that the plaintiff had encountered considerable difficulty in achieving visitation following the defendant's move to Texas. The court denied the defendant's motion to alter or amend this judgment brought pursuant to M.R.Civ.P. 59(e).

The main thrust of the defendant's present appeal is that the Superior Court abused its discretion by modifying visitation without adequately considering a prior temporary protection from abuse order entered against the plaintiff by the District Court, which was incorporated by reference by the Superior Court in a temporary custody order pending divorce. The defendant's argument lacks merit. The temporary custody order incorporating the temporary protection from abuse order was superseded and subsumed by the divorce decree. Furthermore, the record shows that the court did in fact examine the abuse issue before deciding to modify the visitation provision.

On this appeal, we need only consider whether the Superior Court acted within its discretion by substituting specific visitation rights in place of the more general terms provided in the divorce judgment. We conclude that it did, and any suggestion to the contrary is utterly without merit. Because we conclude that the defendant could not reasonably have believed that her appeal had any chance of success,[1] *cf. International Silver Co. v. DiGirolamo*, 475 A.2d 1143, 1145 (Me.1984) (per curiam), we find this appeal to be frivolous, and impose treble costs and attorney's fees in the amount of $100 upon the appellant payable to the appellee. 14 M.R.S.A. § 1802 (1980); M.R.Civ.P. 76(f).

The entry is:

Judgment affirmed. Treble costs and attorney's fees in the amount of $100 shall be paid by appellant Priscilla B. Brandis to appellee E. Paul Brandis.

All concurring.

---

1. The fact that the defendant apparently proceeded *pro se* in appealing the denial of her motion to alter or amend judgment to the Law Court does not change our decision. "Plainly, a *pro se* appellant must be subject to the same Rule 76(f) sanctions for abusing the appellate processes as is a litigant who presses a frivolous appeal with an attorney's assistance." *Gurschick v. Clark,* 511 A.2d 36, 36 (Me.1986) (per curiam).