**Leon E. KIRKPATRICK et al.**

v.

**CITY OF BANGOR et al.**

Supreme Judicial Court of Maine.

Argued Sept. 19, 1986.

Decided Nov. 3, 1986.

Peter M. Beckerman (orally), Waterville, for plaintiff.

Robert E. Miller, City Sol. (orally), Arthur G. Hosford, Jr., Asst. City Sol., Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

PER CURIAM.

On August 26, 1985, the Bangor City Council, acting pursuant to 17 M.R.S.A. § 2851 (1983), condemned as a "dangerous building" a structure in that city owned by plaintiffs Leon and Gertrude Kirkpatrick. The Kirkpatricks brought a timely complaint seeking direct judicial review of the City Council's decision. More than six months later, the Superior Court dismissed the Kirkpatricks' action for want of prosecution because they had not filed either the administrative record or their own brief as required by the applicable procedural rules. The Kirkpatricks then appealed that dismissal. Because on any objective basis no grounds whatever existed for that appeal, we impose sanctions upon the Kirkpatricks' attorney who on their behalf signed and

filed the notice of appeal and prosecuted the case before this court.

Acting *pro se*, the Kirkpatricks commenced this action on September 25, 1985. The applicable court rules required the Kirkpatricks to file in the Superior Court both their brief and the record of the proceedings before the Bangor City Council not later than November 4, 1985. *See* M.R. Civ.P. 80B(e), (g). They failed to meet that deadline and in fact have never, even to this day, filed either the required record or anything that fairly can be denominated a brief. That delinquency has continued in the face of the motion to dismiss for want of prosecution filed by the City on November 7, 1985. Even after an attorney entered his appearance for the Kirkpatricks on March 14, 1986, they made no attempt whatever to comply with the requirements of Rule 80B or even to get an enlargement of time within which to comply. After hearing, the Superior Court on April 3, 1986, granted the City's motion to dismiss.

■ On April 30, 1986, the Kirkpatricks, now represented by a second attorney, filed a notice of appeal signed solely by that attorney. After receiving his brief and hearing his oral argument, we conclude that the appeal is utterly without merit. Without a record of the City Council proceedings and without a brief from the Kirkpatricks as the moving parties, the Superior Court had no means for giving judicial review to the City Council's condemnation of the Kirkpatricks' building. Not only did the dismissal fall within the allowable discretion of the Superior Court,[1] the dismissal was in these circumstances the only proper disposition of the City's motion. *Cf., e.g., International Silver Co. v. DiGirolamo,* 475 A.2d 1143 (Me.1984) (failure of appellant to provide the reviewing court with an adequate record makes appeal from District Court frivolous). We can find no way that the Kirkpatricks' appellate lawyer could reasonably have believed the appeal from the Superior Court dismissal had any chance of success.

■ In the circumstances of this appeal, we conclude that we must act upon our own initiative to impose an appropriate sanction for the attorney's prosecution of a frivolous appeal. No reasonable inquiry could have turned up any good ground for the present appeal. Before the Superior Court the Kirkpatricks had done nothing to discharge their obligation for bringing the administrative record to the court or to show excusable neglect in explanation of their procedural default. When they consulted with their present appellate counsel, he should have advised them of the futility of an appeal. As the Ninth Circuit has said in imposing sanctions upon an attorney for bringing a frivolous appeal:

> Our society in general, and appellate courts in particular, labor under a heavy burden of litigation which is "needlessly aggravated when frivolous appeals are taken." For this reason, as well as others, lawyers have a duty to inform a client that his claim is unjustified. ... "Counsel must realize that the decision to appeal should be a considered one, taking into account what the [trial court] has said, not a knee-jerk reaction to every unfavorable ruling." We wish to state clearly that if attorneys do not act judiciously, courts will respond judicially.

*Taylor v. Sentry Life Insurance Co.,* 729 F.2d 652, 656 (9th Cir.1984) (citations and footnote omitted).

We base our imposition of sanctions here upon M.R.Civ.P. 76(f),[2] which authorizes the awarding of treble costs and attorney's fees against a party or his counsel for

---

1. We review the dismissal of the Superior Court action only for abuse of discretion. *See State v. Bowring,* 490 A.2d 667, 669 (Me.1985).

2. M.R.Civ.P. 76(f) provides:
   If the Law Court determines that an appeal, motion for rehearing, or other proceeding before it, is frivolous or instituted primarily for the purpose of delay, it may award to the opposing parties or their counsel treble costs and reasonable expenses, including attorney's fees, caused by such action.

prosecuting a frivolous appeal. As we stated at a time when the Supreme Judicial Court had only recently promulgated Rule 76(f), "we do not intend to exercise the authority granted to us in the new [rule] except in egregious cases." *Auburn Harpswell Association v. Day,* 438 A.2d 234, 238–39 (Me.1981). The present appeal is an egregious case. In the *Day* case we warned that we would impose sanctions for frivolous appeals in cases precisely like the one now before us; namely,

> when in our judgment we reach a conclusion that an appeal is obviously without any merit and has been taken with no reasonable likelihood of prevailing, and results in delayed implementation of the judgment of the lower court; increased costs of litigation; and dissipation of the time and resources of the Law Court.

*Id.* at 239. *See, e.g., Brandis v. Brandis,* 515 A.2d 1153 (Me.1986). Counsel who prosecute a frivolous appeal are subject to Rule 76(f) sanctions. *See Garrison v. Finks,* 469 A.2d 440 (Me.1983). *See also Estate of Bonin,* 457 A.2d 1123 (Me.1983) (Rule 76(f) sanction imposed against lawyer-appellant). *Cf. United States v. Potamkin Cadillac Corp.,* 697 F.2d 491, 494–95 (2d Cir.1983) (double costs and attorney's fees assessed against appellant's attorney under comparable Fed.R.App.P. 38), *cert. denied,* 462 U.S. 1144, 103 S.Ct. 3128, 77 L.Ed.2d 1379 (1983).

The entry is:

Judgment affirmed.

Counsel for plaintiffs shall pay to defendants treble costs and $200 towards their attorney's fees.

All concurring.