**Larry FOLSOM**

v.

**The GREAT ATLANTIC & PACIFIC TEA COMPANY.**

Supreme Judicial Court of Maine.

Argued Jan. 16, 1987.

Decided Feb. 23, 1987.

Thomas O. Bither, Brian E. Swales (orally), Houlton, for plaintiff.

Harold L. Stewart (orally), Presque Isle, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

PER CURIAM.

Larry Folsom (Folsom) appeals from a judgment for the defendant, The Great At-

lantic & Pacific Tea Company (A & P), entered by the Superior Court, Aroostook County, after a jury trial. Folsom claims the court erred in denying his motion for a new trial. We affirm the judgment. We also determine that the appeal is frivolous and accordingly impose treble costs and attorney's fees against plaintiff's counsel pursuant to M.R.Civ.P. 76(f).

## I.

Folsom, a self-employed truck driver, filed a complaint against A & P claiming damages for injuries alleged to have been sustained by him as a proximate result of A & P's negligence while Folsom was unloading potatoes at A & P's warehouse. At the close of a two-and-one-half-day trial the jury after 35 minutes of deliberation returned a verdict for A & P.

Folsom's motion for a new trial on the grounds that the verdict was not supported by the evidence and that the jury did not adequately deliberate upon the evidence was denied by the trial court. On appeal, Folsom does not challenge the sufficiency of the evidence to support the jury's verdict but argues the insufficiency of the jury's deliberations.

 Folsom cites no authority to support his argument. We have previously stated that standing alone the period of time taken by a jury to complete its deliberations is not enough to support a finding of misconduct necessitating a new trial. *Cuthbertson v. Clark Equipment Co.*, 448 A.2d 315, 318 (Me.1982). In the instant case, Folsom points to no evidence of improper conduct by the jurors other than the completion of their deliberations within a thirty-five-minute period. Absent clear evidence of improper conduct by the jurors, the trial court properly exercised its discretion in refusing to set aside a verdict that was supported by the evidence. *Id.*

## II.

 After review of Folsom's brief and listening to oral argument, we agree with A & P that Folsom's appeal is frivolous and impose sanctions pursuant to M.R.Civ.P. 76(f).[1] An attorney who prosecutes a frivolous appeal is subject to Rule 76(f) sanctions. *Matthews v. Matthews*, 520 A.2d 1073 (Me.1987); *Kirkpatrick v. City of Bangor*, 517 A.2d 320, 322 (Me.1986). This appeal has increased the costs of and delayed the litigation and served to dissipate the time and resources of this court. Accordingly, counsel for Folsom shall pay to A & P treble costs and $300 toward its attorney's fees.

The entry is:

Judgment affirmed. Counsel for the plaintiff shall pay to the defendant treble costs and $300 toward its attorney's fees in defending this appeal.

All concurring.

---

1. M.R.Civ.P. 76(f) states:

    **Additional Costs.** If the Law Court determines that an appeal, motion for rehearing, or other proceeding before it, is frivolous or instituted primarily for the purpose of delay, it may award to the opposing parties or their counsel treble costs and reasonable expenses, including attorney's fees, caused by such action.