Grace A. ST. HILAIRE

v.

Clement A. ST. HILAIRE.

Supreme Judicial Court of Maine.

Submitted on Briefs May 4, 1988.
Decided June 29, 1988.

Robert E. Mullen, Auburn, for plaintiff.

Clement A. St. Hilaire, Rumford, pro se.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

Defendant Clement A. St. Hilaire appeals from an order of the Superior Court, Oxford County, finding him in contempt of court for wilfully interfering with attempts by his former wife, Grace A. St. Hilaire, the plaintiff, to sell the marital home and for failure to pay previously assessed counsel fees. With a modification in the Superior Court order amending the prior divorce judgment between the parties, we affirm.

The parties were divorced in 1983. In 1986, the Superior Court amended the divorce judgment and transferred the responsibility for selling the parties' marital home from defendant, a real estate broker, to plaintiff because of defendant's wilful failure to market and sell the premises. *See St. Hilaire v. St. Hilaire,* 526 A.2d 28, 29 (Me.1987) (*St. Hilaire I*). Subsequent to our opinion in *St. Hilaire I,* plaintiff filed a further motion to have defendant held in contempt and to enforce the amended divorce judgment.

After a hearing on the motion, the Superior Court found defendant in contempt because he "wilfully interfered with plaintiff's good faith efforts to market and sell the premises" and unjustifiably failed to pay counsel fees as previously ordered. The Superior Court further amended the amended divorce judgment *inter alia* to prohibit defendant from entry upon the premises and gave to plaintiff "the exclusive right, without the consent of defendant, to accept or reject any offer for the purchase of the premises." The court also assessed additional counsel fees against defendant. This appeal by defendant is from that order.

■ A review of the record leads us to reject defendant's challenges to the Superior Court's findings that he interfered with plaintiff's attempts to sell the marital real estate. Defendant transferred his interest in the property to his son and mother in a conveyance the court found to be fraudulent.[1] In addition, defendant placed his own "for sale" sign on the property and constantly asserted his right to co-broker the sale of the real estate, contrary to the court's previous order, causing the real estate agency hired by the plaintiff under an exclusive listing agreement to suspend its efforts to sell the property. Those factual findings are supported in the record, *Harmon v. Emerson,* 425 A.2d 978, 982 (Me. 1981), and since the previously amended judgment gave to plaintiff "sole and exclusive right to use and possession of the marital residence property and all rights as may be necessary to market and sell the property," and prohibited either party from encumbering the property, we find no error in the court's determination that defendant's actions were violations of the court's prior orders.

Defendant's claim that he was excused from paying the previously ordered counsel fees because he was unaware of the balance due and because the court failed to demonstrate its authority to assess such fees is likewise without merit.

■ Under the divorce judgment as previously amended the net proceeds from the sale of the real estate were to be equally divided between plaintiff and defendant, but with plaintiff to receive a minimum of $24,000. The Superior Court, in numbered paragraph 7 of its appealed from order, granted to plaintiff "the exclusive right, without the consent of the defendant, to accept or reject any offer for the purchase of the property." Because we read that provision as being subject to an implied condition of reasonableness, we reject defendant's contention that it impermissibly amends the divorce judgment by allowing

---

1. The conveyance was voided by the Superior Court.

plaintiff either to sell the property for an unreasonably low price or to refuse to sell the property for a reasonable price. The Superior Court, obviously focusing on defendant's many efforts to interfere with the sale of the marital home, was merely making clear that the authority to accept or reject an offer for the property was vested in the plaintiff alone, without the necessity of defendant's approval. Implicit in the order is a condition that plaintiff reject any offer not reasonable, and that any reasonable offer for the property be accepted. *Cf.* 11 M.R.S.A. § 2–305 (1964); *see also Restatement (Second) of Contracts* § 204 (1981).

Other claims made by the defendant are without merit and require no discussion.

The entry is:

The judgment of the Superior Court dated November 23, 1987, is modified in that numbered paragraph 7 is amended to read as follows:

"7. The plaintiff has the exclusive right without the consent of the defendant to accept any reasonable offer or to reject any unreasonable offer for purchase of the premises."

As modified, judgment affirmed.

All concurring.