Grace A. ST. HILAIRE

v.

Clement A. ST. HILAIRE.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 2, 1990.

Jan. 3, 1990.

Robert E. Mullen, Auburn, for plaintiff.

Clement A. St. Hilaire, Rumford, pro se.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
HORNBY, and COLLINS, JJ.

PER CURIAM.

On Clement St. Hilaire's appeal from the contempt order entered against him by the Superior Court (Androscoggin County, *Delahanty, J.*) on May 10, 1989, we find no merit whatsoever in any of his contentions of error. The court's contempt finding enjoys ample support in the record, the court's authority to make procedural changes in a divorce judgment is well established, and the court's substantial discretion in awarding attorney fees in divorce cases is indisputable.

Raising essentially the same arguments that we have already rejected in his two previous appeals from enforcement and contempt orders in this same divorce action, *see St. Hilaire v. St. Hilaire*, 543 A.2d 822 (Me.1988), and *St. Hilaire v. St. Hilaire*, 526 A.2d 28 (Me.1987), this third appeal is simply a continuation of St. Hilaire's ongoing delay tactics in his six-year-old campaign to stymie the sale of marital real estate as required by his 1983 divorce judgment. By any objective standard this appeal is utterly frivolous. The conclusion is inescapable that St. Hilaire has prosecuted this third appeal for the purpose of putting off the time when he will have to pay the sum of $5,558 the Superior Court on last May 10 found he then owed on the marital real estate and the time when the 1983 divorce judgment can be finally implemented. This appeal presents an egregious example of the circumstances where M.R. Civ.P. 76(f) authorizes the imposition of sanctions. *See, e.g., Peoples Heritage Sav. Bank v. Dumont*, 566 A.2d 751 (Me.1989); *International Paper Realty Corp. v. St. Hilaire*, 525 A.2d 1035 (Me.1987); *Twin Island Dev. Corp. v. Ross*, 522 A.2d 901 (Me.1987); *Folsom v. Great Atlantic & Pacific Tea Co.*, 521 A.2d 678 (Me.1987); *Kirkpatrick v. City of Bangor*, 517 A.2d 320 (Me.1986); *Auburn Harpswell Ass'n v. Day*, 438 A.2d 234 (Me.1981).

To protect the court system and the public it serves from abuse of its processes, we impose Rule 76(f) sanctions of treble costs and $600 in attorney fees.

The entry is:

Judgment affirmed.

Further ordered that appellant Clement A. St. Hilaire pay to appellee Grace A. St. Hilaire treble costs and $600 toward attorney fees. Mandate to issue forthwith.

All concurring.