2004 ME 13

**Grace ST. HILAIRE**

v.

**Clement ST. HILAIRE.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 22, 2004.

Decided: Feb. 5, 2004.

Judith W. Andrucki, Ann I. Brandt, Hark • Andrucki, Lewiston, for plaintiff.

Clement A. St. Hilaire, Stratham, NH, for defendant.

Panel: CLIFFORD, RUDMAN, DANA, CALKINS, and LEVY, JJ.

PER CURIAM.

[¶ 1] Clement St. Hilaire appeals from two orders entered in the Superior Court: a June 18, 2003, order (Oxford County, *Delahanty, J.*) granting Grace St. Hilaire's motion for appointment of a receiver; and a July 8, 2003, order *(Cole, J.)* granting Clement's attorney's motion to withdraw from representation. We dismiss the appeal of the first order as untimely, affirm the second order, and impose sanctions because this appeal is frivolous.

## I.  BACKGROUND

[¶ 2] This is Clement's sixth appeal associated with the parties' 1983 divorce judgment, which originally ordered Clement to sell the parties' marital residence. Clement failed to sell the property, and the Superior Court subsequently ordered Grace to sell the property. Her efforts to do the same were met with Clement's contemptuous interference. *St. Hilaire v. St. Hilaire*, 543 A.2d 822, 823 (Me.1988).

[¶ 3] More than twenty years since the entry of the divorce judgment, the residence still has not been sold. In April 2003, Grace filed a motion for appointment of a receiver to effectuate the sale of the property. The court granted the motion on June 18, 2003, appointing an attorney to serve as receiver. Clement filed his written opposition to the motion to appoint a receiver on June 19, 2003, the day after the motion was granted. Clement's attorney filed a motion to withdraw on July 1, 2003, which the court granted after a hearing on July 8, 2003. Clement subsequently

filed a notice of appeal from both orders on July 16, 2003.

## II. DISCUSSION

### A. The Order Appointing a Receiver

[¶4] Generally, civil appeals must be taken within twenty-one days after entry of the judgment or order appealed from. M.R.App. P. 2(b)(3). Because Clement filed his notice of appeal twenty-six days after the entry of the June 18 order appointing the receiver, the appeal is untimely. However, even if we were to reach the merits, Clement's appeal is frivolous. Clement offers no discernible reason for us to conclude that the court acted outside its discretion in appointing a receiver.

### B. The Order Allowing Withdrawal of Counsel

[¶5] Clement makes a variety of largely unintelligible contentions regarding the withdrawal of his attorney. The record of this proceeding fully supports the court's exercise of its discretion in permitting the withdrawal of Clement's attorney. *See Blessing v. Dow Chem. Co.*, 521 A.2d 1176, 1179 (Me.1987) (stating that granting or denying a motion to withdraw is within the trial court's discretion, and the party challenging the propriety of the exercise of discretionary power bears the burden to demonstrate an abuse thereof); M.R. Civ. P. 89(a).

### C. Sanctions

[¶6] If an appeal "is frivolous or instituted primarily for the purpose of delay," we may award treble costs and reasonable expenses, including attorney fees. M.R.App. P. 13(f). The record and our prior decisions in this case reflect a twenty-year history of repeated dilatory tactics by Clement in an effort to prevent the sale of the marital residence. *See St. Hilaire v. St. Hilaire*, 526 A.2d 28, 29 (Me.1987); *St. Hilaire*, 543 A.2d at 823; *St. Hilaire v. St. Hilaire*, 567 A.2d 1349, 1349 (Me.1990). Clement has previously been found in contempt, ordered to pay costs and attorney fees for frivolous appeals, and was even ordered to jail in 1992 for failure to make certain payments.

[¶7] We find no purpose in this appeal other than to cause further delay. Accordingly, we impose sanctions of treble costs and reasonable attorney fees against Clement. *See St. Hilaire*, 567 A.2d at 1349. In order to prevent further abuse of court processes, we also enjoin Clement from filing additional motions or appeals of Superior Court orders in this case unless a licensed attorney signs the pleading, subject to M.R. Civ. P. 11, or a Superior Court Justice approves the filing of such motion or appeal after making a preliminary determination that the proposed filing is not frivolous. *See, e.g., Spickler v. Dube*, 644 A.2d 465, 468–69 (Me.1994) (holding that a detailed showing of a pattern of abusive and frivolous litigation may support enjoining a party from filing frivolous lawsuits).

The entry is:

The appeal of the order of June 18, 2003, is dismissed as untimely pursuant to M.R.App. P. 2(b)(3); the order of July 8, 2003, is affirmed. Clement St. Hilaire shall pay Grace St. Hilaire treble costs and her reasonable attorney fees, to be determined on remand. Clement St. Hilaire is prohibited from filing any motions or appeals in this case unless a licensed attorney signs the pleading subject to M.R. Civ. P. 11, or a Superior Court Justice makes a preliminary determination that the filing is not frivolous. This matter is remanded for further proceedings consistent with this opinion.