**STATE OF MAINE**

Cumberland, ss.

**ANDREW BEEBE**

**Plaintiff**

v.

**ONEMAIN FINANCIAL**
**f/k/a CitiFinancial, Inc.**

**SUPERIOR COURT**

STATE OF MAINE
Cumberland ss Clerk's Office

APR 03 2018  3:14 PM
RECEIVED

Docket No. PORSC-CV-17-0508

## ORDER ON PENDING MOTIONS

Before the court are Plaintiff's Motion for Default Judgment; Defendant's Motion to Set Aside Clerk's Entry of Default, and Plaintiff's Motion to Strike the Late-Filed Answer of Defendant, together with the parties' respective oppositions and reply memoranda. Oral argument on the motions was held April 3, 2018.

*Background*

In this case, Plaintiff Andrew Beebe contends that Citifinancial, Inc. wrongfully recorded an execution lien against his primary residence, which he says is exempted, statute from being levied against by reason of its value and the balance of a principal mortgage. *See* 14 M.R.S. § 4422(1)(B). His complaint alleges that Citifinancial, Inc. has failed or refused to discharge its lien, and is therefore liable to him under 14 M.R.S. § 4651-A(8).

His complaint names OneMain Financial as the Defendant, on the ground that OneMain Financial was formerly known as Citifinancial, Inc. The record includes a return of service indicating that the summons and complaint were served on CT

Corporation, designated agent for OneMain Financial on December 26, 2017. Accordingly, Defendant's answer was due January 15, 2018. *See* M.R. Civ. P. 12(a). On February 12, 2018, Plaintiff filed a request for entry of default and default judgment based on OneMain Financial's failure to answer or otherwise plead. On February 13, 2018, Plaintiff filed Motion for Entry of Default Judgment. The Clerk entered default on February 14, 2018.

On February 20, 2018, more than a month after the due date, OneMain Financial filed an Answer to the Complaint, and on February 23, 2018, it filed a Motion to Set Aside Clerk's Entry of Default. Plaintiff opposes the Motion and has filed his Motion to Strike.

*Analysis*

The resolution of Plaintiff's two motions—for default judgment and to strike late answer—depends on the resolution of Defendant's motion to set aside the default. Under Rule 55(c) of the Maine Rules of Civil Procedure, Defendant's burden is to show "good cause" for setting aside the default.

The Maine Law Court has said that a defaulted party's showing of good cause for purposes of Rule 55(c) has two elements: "a good excuse for his or her untimeliness and a meritorious defense." *Truman v. Browne*, 2001 ME 182, P 9, 788 A.2d 168, 170. The Law Court has also noted that "[t]he good excuse and the meritorious defense requirements are two distinct components, both of which must be satisfied in order to prevail on a Rule 55(c) motion." *Levine v. KeyBank National Association*, 2004 ME 131, ¶20, 861 A.2d 678, quoting *Hart v. Terry L. Hopkins, Inc.,* 588 A.2d 1187, 1190 (Me.

2

1991). Although the defaulted party bears the burden of showing good cause, there is a strong judicial preference for adjudicating cases on their merits.

In this case, OneMain Financial has met the meritorious defense component of "good cause," because its Motion to Set Side Clerk's Entry of Default presents evidence that it is not, in fact, formerly known as Citifinancial, Inc., and that another entity is the successor in interest to Citifinancial, Inc. This evidence is not conclusive, and Plaintiff has pointed to misleading information on OneMain Financial's website that undercuts OneMain's contention. However, to the extent Plaintiff contends that OneMain Financial has to prove that it is not a successor to CitiFinancial, that contention overstates OneMain's burden. On the merits, it would likely be Plaintiff's burden, not OneMain's, to prove that OneMain is liable for CitiFinancial's alleged wrongdoing. OneMain has generated an issue as to its liability that is sufficient to satisfy the meritorious defense component of "good cause."

OneMain's showing of a good excuse for its untimely response is not as strong. The filings do show that OneMain was in touch with Plaintiff's counsel early in January 2018, before the due date of OneMain's answer, and that around the middle of January 2018, OneMain sent material to Plaintiff's counsel that OneMain contends supports its contention that Plaintiff has named the wrong entity as Defendant.

However, more than a month went by after that. OneMain apparently contends that it was waiting to hear back from Plaintiff's counsel, but Plaintiff's counsel correctly point out that they were not required to respond or to concede to

3

OneMain's contention that it is not a successor to Citifinancial. In fact, Plaintiff's counsel still do not accept OneMain's contention.

Plaintiff through his counsel has acted reasonably—Plaintiff did not seek to take immediate advantage of OneMain's failure to file a timely answer, and instead gave OneMain almost a month beyond the deadline to file an answer before filing Plaintiff's request for entry of default. Given that Plaintiff was not prepared to drop the case against OneMain and given that OneMain did not do anything after sending information to Plaintiff's counsel, Plaintiff's request for entry of default was an appropriate way—perhaps the only way—to move this case forward.

On the other hand, OneMain did specifically ask Plaintiff's counsel to extend the time for OneMain to respond, and it does not appear that Plaintiff's counsel ever responded to that request.

Accordingly, this is a case where both sides have shown a reasonable basis for their actions. Plaintiff delayed seeking default for almost a month and has expended resources in motion practice since doing so. Defendant did respond in a timely fashion, but the response was only to Plaintiff's counsel and not to the court.

The challenge presented by a motion to set aside default is how appropriately to balance the interest of the Plaintiff in a timely resolution of his cause of action and the interest of the Defendant in an opportunity to defend on the merits. On the one hand, the court's resolution of the pending motions needs to promote and encourage communication between counsel aimed at resolving disputes before litigation gets

4

underway—a consideration favoring OneMain, but also needs to promote and encourage timely responses to summonses—a factor favoring Plaintiff.

In addressing such challenges under the counterpart federal Rule 55(c)[1], the federal courts have exercised inherent power to impose conditions on the setting aside of a default:

> In determining whether to exercise its discretion to set aside an entry of default, a district court has inherent power to impose reasonable conditions in order to avoid undue prejudice to the non-defaulting party. A court may use this inherent power to require a party to post security for payment of all or part of an eventual judgment. Another condition a court may impose is the payment of reasonable attorney's fees and costs incurred by the opposing party because of the default.

10-55 Moore's Federal Practice § 55.70[6].

The authority of federal and Maine courts to impose such conditions in granting relief from a judgment is explicitly set forth in Fed. R. Civ. P. 60(b) and M.R. Civ. 60(b) (relief from judgment may be granted "upon such terms as are just"). Although M.R. Civ. P. 55(c) does not include counterpart language regarding the setting aside of a default, the imposition of reasonable conditions for the setting aside of a default is likely well within this court's inherent authority, although the precise question appears to be open under Maine law. The Maine Law Court has said that

---

[1] The federal and Maine civil rules on setting aside default vary slightly in wording, but are substantively the same. *Compare* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)") *with* M.R. Civ. P. 55(c) ("For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)").

Maine civil rules are to be construed in the same manner as their counterpart federal rules. *See Bean 'v. Cummings*, 2008 ME 18, ¶11, 939 A.2d 676. Accordingly, the court concludes that it may impose reasonable conditions under Rule 55(c) in setting aside an entry of default. Without authority to impose such conditions, the court is faced with an all-or-nothing choice in a situation of the kind presented here.

In this case, the fact that OneMain's answer was more than a month late undercuts the sufficiency of its excuse, although the delay was plainly not willful or in bad faith. Moreover, if Plaintiff had not requested default and moved for default judgment, the court might still be waiting for OneMain to respond to the summons. Thus, it may be that Plaintiff had to make his filings in order to prod OneMain into action. Prejudice to the nondefaulting party is a factor in the exercise of the court's discretion in deciding whether to set aside a default. *See Thomas v. Thompson*, 653 A.2d 417. 420 (Me. 1995).

On the other hand, if OneMain is truly not a successor to CitiFinancial, it should be entitled to defend on that ground. These factors persuade the court that the default should be set aside, but only if Plaintiff is reimbursed by Defendant for his reasonable attorney fees and costs in seeking default and default judgment.

IT IS HEREBY ORDERED AS FOLLOWS:

1. Defendant OneMain Financial's Motion to Set Aside Clerk's Entry of Default is granted on condition that Defendant pay Plaintiff's reasonable attorney fees and costs incurred thus far within 30 days of the court's further order establishing the amount Plaintiff is entitled to be paid. Plaintiff's

6

Motion for Default Judgment and Motion to Strike are denied on the same condition.

2. Plaintiff may file a motion for approval of attorney fees and costs within 10 days of this Order. Briefing on the motion shall be pursuant to M.R. Civ. P. 7. The court will issue a further order establishing the amount to be paid, without oral argument.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated April 3, 2018

_____

A. M. Horton, Justice