**In the Matter of Myron H. BUDNICK.**

**No. 683 S 217.**

Supreme Court of Indiana.

Aug. 3, 1984.

No appearance, for respondent.

William G. Hussman, Jr., Staff Atty., Indianapolis, for The Indiana Supreme Court Disciplinary Com'n.

DISCIPLINARY ACTION

PER CURIAM.

This matter was initiated by the filing of a Verified Complaint for Disciplinary Action by the Indiana Supreme Court Disciplinary Commission charging the Respondent with one count of misconduct. The Hearing Officer appointed by this Court has held a hearing and has submitted his findings of fact and conclusions of law. The Respondent, though being notified and aware of the proceeding, has not appeared in person or by counsel.

Upon examination of all matters submitted in this case, we now find that the Findings of Fact submitted by the Hearing Officer should be approved and adopted. In accordance therewith, this Court finds that the Respondent, Myron H. Budnick, was admitted to the Bar of the State of Indiana in 1969.

On March 13, 1975, Sandra Budnick filed a petition for dissolution of marriage from Myron Budnick in the Hamilton Superior Court. On December 19, 1975, the Court issued its findings and judgment for dissolution, custody, division of property and support in that action.

On January 30, 1976, the Respondent was found in contempt of court for willful failure to execute a quitclaim deed as required by the Court's judgment. On May 13, 1976, he was again found in contempt of the Hamilton Superior Court for numerous failures to comply with the judgment of that court. He was ordered jailed for contempt.

The Respondent filed a bankruptcy petition, seeking to discharge his obligation, which included the Court's order to pay $7,900 to Sandra Budnick's attorneys. When challenged by the attorneys, the Respondent allowed the bankruptcy petition to be dismissed.

An affidavit for Proceedings Supplemental was filed by Sandra Budnick's attorneys on February 1, 1978. On January 17, 1979, the Court entered a garnishment order against Respondent's law firm. The Respondent filed a pro se appeal in the Indi-

ana Court of Appeals. That Court affirmed the trial court, finding that Respondent's appeal had been filed in bad faith, and assessed interest and damages against the Respondent in the additional amount of ten per cent (10%) of the judgment. 413 N.E.2d 1023. The Respondent failed to comply with the judgments of the trial court or the order of the Indiana Court of Appeals. He has made no attempt to negotiate any settlement or to make payments on the judgment.

The foregoing findings convince us that the Respondent engaged in conduct that is prejudicial to the administration of justice and is in violation of Disciplinary Rule 1-102(A)(5) of the *Code of Professional Responsibility for Attorneys at Law*. Furthermore, by filing an appeal in bad faith in order to avoid compliance, by taking actions which served merely to harass and maliciously injure his opponent and her counsel, and by advancing a claim or defense which is unwarranted, the Respondent violated Disciplinary Rules 7-102(A)(1) and (2) of the *Code*.

Upon finding misconduct, we must now determine the appropriate sanction. The foregoing findings depict an attorney who has repeatedly and consistently disobeyed the orders of the courts of this State. The judicial authority vested in our courts must be recognized and enforced or our judicial system will cease to function. The Respondent has defied this authority; he has subverted the judicial process and has held himself above the law. Such conduct is always contemptuous; it is even more reprehensible when the perpetrator is a member of the Bar and an integral part of the judicial system.

With these considerations in mind and in light of the nature of the misconduct involved, this Court concludes that a period of suspension is appropriate.

It is therefore, ordered that the Respondent, Myron H. Budnick, is suspended from the practice of law in the State of Indiana for a period of not less than three (3) years, effective as of September 3, 1984.

Costs of this proceeding are assessed against the Respondent.