## TWIN ISLAND DEVELOPMENT CORPORATION

v.

## David A. ROSS.

Supreme Judicial Court of Maine.

Argued March 12, 1987.

Decided March 18, 1987.

Mittel and Hefferan, E. Paul Eggert, (orally), Portland, for plaintiff.

David A. Ross (orally), Washington, D.C., for appellant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, SCOLNIK and CLIFFORD, JJ.

PER CURIAM.

This is a patently frivolous appeal, demanding that we impose a substantial sanction upon the lawyer who brought it solely to advance his own personal interests.

This mechanics lien case was before us last year on the joint appeal of defendant Catherine Winchester, the owner of the Kennebunkport farm against which the Superior Court had entered a lien judgment for work done by Twin Island Development Corporation, and intervening defendant David A. Ross, who had purchased all of Winchester's interest in the farm at a time after Twin Island had done the lienable work. In *Twin Island Dev. Corp. v. Winchester*, 512 A.2d 319 (Me.1986), we affirmed the Superior Court's judgment of a mechanics lien, in the amount of $27,355.90 plus interest and costs, against the Winchester/Ross property. On that prior appeal Ross, who is a practicing lawyer in Washington, D.C., was granted the privilege of appearing *pro hac vice* to represent his co-appellant Winchester as well as himself.[1] After we affirmed the lien judgment against the property now owned by Ross, he (expressly on behalf of both Winchester and himself) filed a timely motion for reconsideration. After full consideration, we denied Ross's motion on July 29, 1986, and forthwith issued the mandate to the Superior Court.

Back in the Superior Court on remand, Ross reacted to Twin Island's motion for an order of sale of the liened property, by filing a motion under M.R.Civ.P. 60(b)(4)

---

**1.** On the ground that Ross's rights to the Kennebunkport farm vis-a-vis Twin Island's lien claim were only derivative to Winchester's, the Superior Court *at Ross's specific request* had tried the case to the jury without any identification of Ross as a successor in title to Winchester and by then the real party in interest. For the same reason, our opinion in *Twin Island Dev. Corp. v.*

*Winchester*, 512 A.2d 319, omits any reference to Ross and his derivative claim to the Winchester property. The reported case, however, does identify Ross as appearing for himself as the intervening defendant and as making the only oral argument to this court on behalf of the appellants. *Id.* at 320.

seeking to set aside the lien judgment on a ground already specifically raised by him before the Law Court on his first appeal. On October 23, 1986, the Superior Court entered an order establishing the procedure and timetable for the sale of enough of the Kennebunkport property to satisfy the lien. Then, on October 31, 1986, the Superior Court denied Ross's Rule 60(b)(4) motion. Finally, on November 18, 1986, the court denied Ross's motion for reconsideration of the October 23 order of sale. Ross then filed this present appeal.

On his second appeal, Ross's principal contention is that our decision on his first appeal was wrong and that in any event he is not bound by it because our opinion does not mention him as an appellant therein along with Winchester. The latter argument is too absurd to deserve comment. As for his contention that his first appeal was wrongly decided, elementary principles of *res judicata,* familiar to first year law students, foreclose Ross from rearguing matters that he argued or could have argued on that first appeal from the lien judgment imposed by the Superior Court on the Kennebunkport farm. Any lawyer should immediately have recognized that another appeal by him on the validity of the lien judgment was absolutely barred as a matter of law. Furthermore, even when we look at Ross's present arguments on the merits, we find them no more convincing in 1987 than in 1986. Any objective observer free of the astigmatism of self-interest would conclude that Ross's principal ground for his second appeal is utterly frivolous.

On this appeal Ross also complains about the time schedule set by the Superior Court justice for Ross to segregate a 50–acre parcel for a separate, private sale to satisfy the lien. As an accommodation to Ross and with the agreement of the Maine attorney then representing him, the presiding justice, rather than ordering an immediate public sale of the whole farm to satisfy the lien, has allowed Ross 30 days to segregate a 50–acre parcel and another 60 days to arrange a private sale. Only if Ross is unable to get a contract for the sale of the 50–acre parcel within that total period of 90 days will a public auction take place on that parcel within another 45 days thereafter. Even after the public sale Ross has another 14 days within which to redeem. Ross cannot complain about the special dispensation that the Superior Court at his request gave him for a private sale in place of an immediate public sale, and we find nothing in any way unreasonable in the court's allowance of 90 days for Ross to find a private purchaser before the court-designated auctioneer proceeds with the public sale. Any independent legal counsel would have advised Ross that the lien statute, 10 M.R.S.A. § 3259 (Supp.1986), committed the scheduling of the lien sale entirely to the sound discretion of the Superior Court justice, and further that no appellate court would declare that the justice who set the schedule for the lien sale in this case had exceeded the bounds of his permissible discretion. Ross's second ground for appeal is no less frivolous than the first.

Appellee Twin Island urges that this second appeal by Ross is intended for delay, thereby meriting the imposition of sanctions under M.R.Civ.P. 76(f). We agree. The futility of this appeal is so certain, so complete, and so obvious as to require the conclusion that the appellant willfully filed and prosecuted it solely for the purpose of buying time at the expense of the lien judgment creditor, as well as of this court and the public it serves.

The only task remaining is for us to fix an appropriate sanction. Relevant to that task is the fact that Ross, like the appellants in both *Boothbay Register, Inc. v. Murphy,* 415 A.2d 1079 (Me.1980) (treble costs imposed under 14 M.R.S.A. § 1802 (1980)), and *Estate of Bonin,* 457 A.2d 1123 (Me.1983) (treble costs and up to $1,000 attorney's fees imposed under Rule 76(f)), is a lawyer who has used the appellate processes solely to advance his own self-interest. As a lawyer Ross was charged with recognizing the frivolousness of a second appeal and with acting accordingly. Instead, relieved of the practical inhibition that the cost of employing appellate counsel imposes upon nonlawyers, Ross has

used his knowledge of the appellate system to delay further, without any legal justification whatever, the enforcement of the Superior Court's lien judgment. Wherever admitted to practice, a lawyer takes on ethical obligations to the legal system. In this litigation, both in the Superior Court and here, Ross has been extended the courtesy of admission to the privileges of the Maine bar *pro hac vice* to represent Catherine Winchester, whose property he has bought subject to the mechanics lien. At the same time Ross took on the reciprocal obligations of a member of our bar.

Any lawyer who signs a motion, such as Ross's Rule 60(b)(4) motion in the Superior Court, or signs a notice of appeal or other pleading[2] certifies, subject to "an appropriate sanction," that "to the best of his knowledge, information and belief, there is a good ground to support it; and that it is not interposed for delay." M.R.Civ.P. 11. By the Maine Code of Professional Responsibility, a "lawyer shall not ... assert a position ... or take other action on behalf of his client when he knows, *or should know*, that such action would merely serve to harass or maliciously injure another." M.Bar R. 3.7(a) (emphasis added). This precept is a universal rule of ethics for lawyers. *See* ABA Model Code of Professional Responsibility, DR7–102(A)(1) (1980)[3]; ABA Model Rules of Professional Conduct, Rule 3.1 (1983). A lawyer has a special obligation to refrain from adding for an illegitimate purpose to the burdens of an overloaded court system and from delaying by the frivolous use of legal process the enforcement of a court judgment. *See In the Matter of Budnick*, 466 N.E.2d 36, 37 (Ind.App.1984).

We conclude that as an appropriate sanction under M.R.Civ.P. 76(f) appellant Ross should pay treble costs and appellee's expenses, including attorney's fees, on this appeal.

The entry is:

The Superior Court's order entered October 23, 1986, is modified by striking paragraph 1 thereof and substituting the following:

1. Prior to April 1, 1987, the present owner of the subject property, defendant-intervenor David A. Ross, shall segregate 50 acres of the subject property for sale, have conducted soils tests, and have prepared an appraisal of value of the segregated 50–acre parcel, and list that parcel for sale with a licensed real estate broker;

Said order as so modified is hereby affirmed.

Appellant Ross shall pay to appellee Twin Island the sum of $142.50 as treble costs and the further sum of $1,500 toward the appellee's attorney's fees and other expenses of this appeal.

Judgment of mechanics lien against the subject property is hereby increased by the amount of $1,642.50, representing said treble costs and attorney's fees and expenses, and as so increased is affirmed.

All concurring.

---

**2.** In order to eliminate any uncertainty on the question, M.R.Civ.P. 73(b) was amended, effective February 15, 1987, by adding the following sentence: "The notice of appeal is a pleading for the purposes of Rule 11."

**3.** The ABA Model Code of Professional Responsibility, DR7–102(A)(1) (1980), which has been adopted for application to lawyers admitted to practice in the District of Columbia, provides in full:

DR7–102, Representing a Client Within the Bounds of the Law.

    (A) In his representation of a client, a lawyer shall not:

    (1) File a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of his client when he knows or when it is obvious that such action would serve merely to harass or maliciously injure another. District of Columbia Code of Professional Responsibility, DR7–102(A)(1) (1979).