2004 ME 100

**TOWN OF NAPLES**

v.

**Thomas YARCHESKI et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: May 27, 2004.
Decided: Aug. 2, 2004.

Geoffrey H. Hole, Esq., Bernstein, Shur, Sawyer & Nelson, P.A., Portland, for plaintiff.

Thomas J. Yarcheski, Bernadette Yarcheski, Naples, for defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

PER CURIAM.

[¶ 1] Thomas and Bernadette Yarcheski appeal from the judgment in favor of the Town of Naples, entered in the Superior Court (Cumberland County, *Cole, J.*) after a nonjury trial. The Yarcheskis contend that the court erred (1) in its finding that the objects placed in the vicinity of Heritage Hill Road were located on the Town's property; (2) in its finding that the objects placed in the vicinity of Heritage Hill Road were hazardous; (3) in its finding that the Town's legal action against them was not arbitrary and capricious, did not constitute selective enforcement, and did not violate their right to equal protection; and (4) acted beyond its discretion in addressing issues and fashioning remedies not contained in the Town's complaint. The Town cross-appeals and contends that the court abused its discretion by denying the Town's request for attorney fees. Because the trial court did not err or act beyond its discretion, we affirm the judgment. The Yarcheskis' appeal, however, was taken with no reasonable chance of success, is entirely without merit, and is frivolous pursuant to M.R.App. P. 13(f), and we therefore impose sanctions for the prosecution of this appeal.

## I. BACKGROUND

[¶ 2] Sometime during 2000, the Yarcheskis placed seventeen posts along the side of Heritage Hill Road within the boundaries of the road. The posts were metal or plastic, and filled with a sand and aggregate cement mixture. Protruding from the top of several of the posts were rebar[1] or bolts. The Yarcheskis placed the posts to prevent their neighbor from damaging their property. The neighbor complained to the Town Manager, Philip Covelli, about the posts, claiming that the placement of the posts interfered with the snowplowing of the road. Covelli, and some members of the Naples Board of Selectmen, visited the area of the Yarcheskis' property, and became convinced that the posts were hazardous and dangerous.

[¶ 3] On November 9, 2001, the attorney for the Town sent the Yarcheskis a letter asking them to voluntarily remove the posts. Thomas Yarcheski directed the Town's attorney to send any further communications to his attorney. The Town's attorney then sent letters to the Yarchesk-

---

1. Rebar, otherwise known as reinforcement bar, is steel rod, typically one-half inch or greater in diameter, with ridges, that is placed into a mold before concrete is poured to add strength to the concrete and to prevent the concrete from separating.

is' named attorney on two occasions, also seeking voluntary removal of the posts, but the attorney did not respond to the letters. The posts were not removed. The selectmen instructed the Town's attorney to bring an action seeking the removal of the posts. In the complaint brought by the Town, attorney fees were requested.

[¶ 4] Before trial, the Yarcheskis requested that the court sanction the Town's attorney and further asked the court to initiate disciplinary proceedings against him. The court did not initiate such proceedings. The Yarcheskis also filed a motion requesting that the justice recuse himself from the case, stating that "[t]here are too many bizarre coincidences, and too many alien fact patterns in this case to preserve at least the appearance of judicial fairness." The justice denied the Yarcheskis' motion to recuse.

[¶ 5] Eight posts remained along Heritage Hill Road at the time of trial. Several of the posts were stolen by vandals before trial. The Yarcheskis had removed others. Several of the posts, with a rebar protruding from the top, remained in place during the trial, but at the end of the trial, Bernadette Yarcheski informed the court that all of the posts had been removed.

[¶ 6] The Town's ownership of the Heritage Hill Road was established at trial without objection from the Yarcheskis. The evidence also clearly established that the posts were located in the roadway.

[¶ 7] After the conclusion of the trial, the trial court entered the following judgment and remedies:

1. Judgment for the Town; with costs but not to include attorney fees;

2. Defendants are ordered to remove from the Town's land any remaining posts;

3. Defendant[s], their agents, successors and assigns are permanently enjoined from placing any objects on the Town's land without first receiving the written permission of the Town; and

4. Defendant[s], their agents, successors and assigns are ordered to locate the mailbox and several delivery boxes located on Town land, consistent with the placement of such receptacles in other subdivisions in the Town.

The appeal by the Yarcheskis, and the cross-appeal by the Town on the issue of attorney fees followed.

## II. ANALYSIS

### A. The Yarcheskis' Posts

[¶ 8] The Yarcheskis challenge the trial court's findings that the posts at issue were located on Town property, and that the posts were hazardous. We review a court's factual findings for clear error. *Salisbury v. Town of Bar Harbor*, 2002 ME 13, ¶ 9, 788 A.2d 598, 601. Contrary to their challenge, the evidence demonstrates clearly that the posts were located on Town property, and were hazardous. They were in the right-of-way and were filled with a sand and cement mixture. Other claims by the Yarcheskis that the Town treated them disparately, acted with discriminatory intent or purpose, acted arbitrarily and capriciously, and that the Town's actions constituted selective enforcement, are entirely without merit. The Town did not violate the Yarcheskis' rights to due process or equal protection. *See Polk v. Town of Lubec*, 2000 ME 152, ¶ 14, 756 A.2d 510, 513; *Aucella v. Town of Winslow*, 628 A.2d 120, 124 (Me.1993).

[¶ 9] In addition, because the Yarcheskis did not object to the many references concerning their mailboxes and newspaper delivery boxes at trial, the issue of whether the mailboxes and delivery boxes were located in the roadway was tried by consent. *Town of Orrington v.*

*Pease*, 660 A.2d 919, 922 (Me.1995); *Bernier v. Merrill Air Eng'rs,* 2001 ME 17, ¶ 22, 770 A.2d 97, 105; M.R. Civ. P. 15(b) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."). Accordingly, the court did not act beyond its discretion when it fashioned an equitable remedy, prohibiting the Yarcheskis from placing mailboxes or delivery boxes in the right-of-way. *See Eaton v. Cormier,* 2000 ME 65, ¶ 4, 748 A.2d 1006, 1008.[2]

### B. Attorney Fees

■ [¶ 10] The Town contends that because the Yarcheskis made "groundless points in the pleadings submitted in the lower court and continual attempts to delay this matter," it is entitled to be reimbursed for its attorney fees. Because "[t]he trial court is in the best position to observe the unique nature and tenor of the litigation as it relates to a request for attorney fees," *Lee v. Scotia Prince Cruises Ltd.,* 2003 ME 78, ¶ 20, 828 A.2d 210, 215, even though the Yarcheskis engaged in conduct that may be reasonably considered inappropriate, we cannot say the Superior Court acted beyond its discretion when it denied the Town's request for attorney fees incurred before and during the trial, *see id.* ¶ 18, 828 A.2d at 215.

■ [¶ 11] Attorney fees and costs may be awarded on appeal if we "determine[ ] that an appeal . . . is frivolous or instituted primarily for the purpose of delay." M.R.App. P. 13(f). We exercise our power to issue sanctions only in "egregious cases." *Auburn Harpswell Ass'n v. Day,* 438 A.2d 234, 238–39 (Me.1981). We will issue sanctions when "an appeal is obviously without any merit and has been taken with no reasonable likelihood of prevailing, and results in delayed implementation of the judgment of the lower court; increased costs of litigation; and dissipation of the time and resources of the Law Court." *Id.* at 239.

[¶ 12] This case is one of those "egregious cases." *Auburn Harpswell Ass'n,* 438 A.2d at 238–39. In their appeal, the Yarcheskis continue to assert that multiple material facts remained in dispute, despite their failure to contest these facts during trial. Indeed, the Yarcheskis often established such facts themselves. Factual findings, such as the ownership, location, and width of Heritage Hill Road, were not challenged during the trial, and cannot be seriously challenged on appeal. The appeal from these findings is frivolous. We take note that in its decision denying attorney fees to the Town at the trial level,[3] the Superior Court gave ample warning to the Yarcheskis that if they continue to litigate the undisputed issues in this case, their decision to do so would result in the as-

---

2. Additionally, the Yarcheskis imply that because by the end of trial they had removed the remaining posts, the judgment against them is moot. Because of the contentiousness of the litigation, and the fact that newspaper delivery boxes were placed on the property even during the litigation, and the fact that the Yarcheskis' conduct is capable of repetition, the injunction allows the Town to seek prompt action should the Yarcheskis engage in similar conduct in the future. The injunction is proper and not moot. *See State v. Dhuy,* 2003 ME 75, ¶¶ 6–7, 825 A.2d 336, 340.

3. In its order, the court stated:

    The court has already advised the parties that it is not going to require the defendants to pay for the Town's counsel fees. I would caution the defendants that future litigation over this issue could result in a different assessment by the court on the issue of whether one party should be responsible for the opposing parties' counsel fees.

sessment of attorney fees. An award of attorney fees and costs for this appeal, in favor of the Town, is appropriate. *See Auburn Harpswell Ass'n*, 438 A.2d at 239.

The entry is:

Judgment affirmed. Case remanded to the Superior Court for the assessment of treble costs and a reasonable amount toward the Town's attorney fees not to exceed $500.