2006 ME 54

**FRANKLIN PRINTING**

v.

**HARVEST HILL PRESS.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 6, 2006.

Decided: May 9, 2006.

———

Peter Roy, Roy, Beardsley, Williams & Granger, L.L.C., Ellsworth, for the plaintiff.

Sherri Eldridge, Harvest Hill Press, Salisbury Cove, for the defendant.

dismiss or motion for summary judgment on immunity grounds, *see Sanford v. Town of Shapleigh,* 2004 ME 73, ¶ 6, 850 A.2d 325, 328.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, LEVY, and SILVER, JJ.

PER CURIAM.

[¶ 1] Harvest Hill Press appeals from a judgment of the Superior Court (Hancock County, *Mead, J.*) affirming the small claims decision of the District Court (Bar Harbor, *Staples, J.*) denying Harvest Hill's motion for relief from a 2001 judgment of the District Court (Farmington, *Mullen, J.*) in favor of Franklin Printing on the parties' contract dispute. Harvest Hill contends that the District Court erred in denying its motion for relief from judgment. We affirm the judgment. Moreover, because the appeal is frivolous or instituted primarily for the purpose of delay, we impose sanctions pursuant to M.R.App. P. 13(f).

[¶ 2] This case stems from a small claims contract dispute filed against Harvest Hill by Franklin Printing in November of 2000 for printing services rendered by Franklin Printing. In 2001, the District Court (Farmington, *Mullen, J.*) issued a judgment in favor of Franklin Printing for $2387.33. The Superior Court (Franklin County, *Mills, C.J.*) affirmed, and we later affirmed the District Court's judgment in Harvest Hill's subsequent appeal. *See Franklin Printing v. Harvest Hill Press,* 2002 ME 116, 801 A.2d 1004. A lengthy and contentious disclosure process ensued between the parties, culminating in Harvest Hill's March 2005 motion for relief from the 2001 judgment. The District Court (Bar Harbor, *Staples, J.*) denied the motion, and the Superior Court (Hancock County, *Mead, J.*) again affirmed. This appeal followed.

[¶ 3] Contrary to Harvest Hill's contentions, the court's denial of the motion for relief from judgment works no "plain and unmistakable injustice," nor did the court exceed its discretion in denying the motion. *See* M.R. Civ. P. 60(b); *KeyBank Nat'l Ass'n v. Sargent,* 2000 ME 153, ¶ 13, 758 A.2d 528, 533 (quotation marks omitted).

[¶ 4] Moreover, Harvest Hill's appeal, filed almost five years after the original judgment against Harvest Hill, and more than three years after our opinion affirming that judgment, "is frivolous or instituted primarily for the purpose of delay." *See* M.R.App. P. 13(f). Harvest Hill has paid nothing to Franklin Printing in the more than five years since the court entered the judgment for $2387.33 against it. Harvest Hill also has pursued two appeals before us in the same matter, the present appeal being entirely without merit. Accordingly, we impose sanctions against Harvest Hill in the form of attorney fees and triple costs.

The entry is:

Judgment affirmed. Harvest Hill Press is assessed $1000 toward the attorney fees incurred by Franklin Printing, as well as triple costs.