2006 ME 108

**Estate of Ruth E. DINEEN.**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 28, 2006.

Decided: Aug. 31, 2006.

James M. Dineen, Kittery, for appellant.

Dennis J. O'Donovan, Esq., Epstein & O'Donovan, LLP, (for Marie Dineen), Thomas C. Newman, Esq., Thomas L. Douglas, Esq., Murray Plumb & Murray, Portland, (for Richard LeBlanc), for appellees.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY and SILVER, JJ.

PER CURIAM.

[¶ 1] James M. Dineen (Dineen) appeals from an order entered in the York County Probate Court (*Nadeau, J.*) denying his motion for further findings of fact and conclusions of law in proceedings in the estate of his mother, Ruth E. Dineen. Dineen contends that the court improperly relied on 18–A M.R.S. § 3–715 (2005) when it determined that the interest on two mortgages owed by him to the estate should continue to accrue through the final settlement of the estate, and that the court should have relied on 18–A M.R.S. § 3–703(a) (2005) and ordered the personal representative to pay the mortgages from the assets of the estate. Dineen also contends that the court erred when it found to be reasonable the decision of the personal representative to decline to pay the mortgages from the assets of the estate and to allow the mortgages to accrue interest until the final settlement of the estate. We affirm the judgment and, because we conclude that the appeal is frivolous within the meaning of M.R.App. P. 13(f), we impose sanctions.

## I. BACKGROUND

[¶ 2] Ruth Dineen died intestate in 1995, leaving her two children as heirs at law: the appellant, Dineen, and his sister, Marie T. Dineen. The relationship between the two siblings has been contentious, and at-

torney Richard P. LeBlanc was appointed personal representative of their mother's estate. In January of 2000, the personal representative filed a petition for an order of complete settlement of the estate. The Probate Court had to determine whether Dineen was required to pay the balances on two mortgages, one given by Dineen to his late father in 1973, the other to his father and mother in 1989. Dineen argued before the Probate Court that he should not have to pay the mortgages. The Probate Court found that Dineen was obligated to the estate for both mortgages, and ordered Dineen to repay them, along with accrued interest, "through the date of their satisfaction pursuant to the final settlement of the Estate." Dineen appealed from that May 2002 order, but that appeal was dismissed for lack of prosecution. The May 2002 order, which was amended by the court in January of 2003, was later replaced by an order in May of 2003. Neither subsequent order altered the language of the May 2002 order that interest on the two mortgages should continue to accrue. Dineen did not appeal either of the subsequent orders.

[¶ 3] In November of 2004, the personal representative filed a second petition for an order of complete settlement of the estate, asking the court to interpret the language of the May 2002 order as it pertained to the accrual of interest on the mortgages. Dineen contended, and continues to contend, that the personal representative should satisfy the mortgages from the assets of the estate, and argues that the accrual of interest on the two mortgages should have ceased in 2002 when the estate had more considerable assets from which the mortgages could have been paid.[1] The personal representative, however, was and continues to be concerned about Dineen's propensity to litigate, and believes that the estate requires an adequate reserve of liquid assets to pay for anticipated litigation costs.[2] The court issued an order in August of 2005 finding that the personal representative acted reasonably in concluding that the mortgages continued to accrue interest, and that the mortgages should not be satisfied with estate funds until the final settlement of the estate. The court also reiterated the language of its May 2002 order requiring that interest on the mortgages continue to accrue through the final settlement of the estate. After the court denied Dineen's motion for findings of fact and conclusions of law, Dineen filed this appeal.

## II. DISCUSSION

■ [¶ 4] On appeal, Dineen contends that the mortgages should have been paid in 2002 with assets of the estate, and that in issuing its order, the Probate Court improperly relied on 18–A M.R.S. § 3–715 rather than 18–A M.R.S. § 3–703(a), on which it should have relied. The issue of whether the Probate Court should have relied on section 3–703(a) or section 3–715 was never raised by Dineen before the Probate Court. Accordingly, the issue is not preserved for appellate review. *See Holland v. Sebunya*, 2000 ME 160, ¶ 3 n. 2, 759 A.2d 205, 208; *Sanders v. Sanders*, 1998 ME 100, ¶ 11, 711 A.2d 124, 127. Dineen had ample opportunity to raise the issue before the Probate Court in 2005.

1. Although the estate had considerable assets, there were a number of creditors who made claims against, and have been paid from, Dineen's share of the assets of the estate.

2. The personal representative was concerned that, if the mortgages were paid with estate assets, Dineen's share of the estate might be reduced and the assets of the estate would be insufficient to pay litigation costs if Dineen continued to litigate, forcing the personal representative to use Marie T. Dineen's share of the estate to pay the litigation costs.

Moreover, he could have raised the same issue when, in May of 2002, the Probate Court ordered that the mortgages continue to accrue interest until final settlement of the estate. He failed to do so. Even if Dineen had properly preserved the issue, however, his argument is without merit.

[¶ 5] Sections 3–703(a) [3] and 3–715 [4] set forth the fiduciary duties and powers that apply to a personal representative in administering an estate. These provisions are not mutually exclusive; each addresses different duties of a personal representative. Section 3–703(a) imposes a duty to act in the best interests of the estate, and to follow the duties of care applicable to trustees, including the duties of loyalty and impartiality. 18–A M.R.S. § 3–703(a). Section 3–715 sets out specific actions that a personal representative may undertake on behalf of an estate, as long as these actions reasonably benefit interested persons. 18–A M.R.S. § 3–715.

[¶ 6] Even if the Probate Court had relied exclusively on section 3–703(a), as Dineen argues it should have, the result would have been the same. The court found that the actions of the personal representative were motivated by a desire to benefit the estate and to preserve its assets, and not by a bias against Dineen.

Such findings are supported by the evidence, and are consistent with the best-interests-of-the-estate standard imposed by section 3–703(a) that Dineen argues was ignored by the court when it assessed the reasonableness of the personal representative's actions.

[¶ 7] Dineen's second contention is also without merit. Dineen challenges the Probate Court's findings that, in withholding payment of the mortgages, resulting in the interest on those mortgages continuing to accrue, the personal representative acted reasonably and for the benefit of the estate, and that he was not motivated by any bias against Dineen. The evidence supports those findings. The personal representative was legitimately concerned that Dineen would continue to litigate all aspects of the probate of the estate, and that, if the assets of the estate were used to pay the mortgages, the estate would have insufficient assets to pay litigation costs that were likely to be incurred. *See Williams v. St. Pierre,* 2006 ME 10, ¶ 8, 889 A.2d 1011, 1013 (noting that the trial court's factual findings are reviewed for clear error).

[¶ 8] Pursuant to M.R.App. P. 13(f), treble costs and reasonable expenses,

---

**3.** Title 18–A M.R.S. § 3–703(a) (2005) provides, in pertinent part:

(a) A personal representative is under a duty to settle and distribute the estate of the decedent in accordance with ... this Code, and as expeditiously and efficiently as is consistent with the best interests of the estate. The personal representative shall use the authority conferred upon the personal representative by this Code ... and any order in proceedings to which the personal representative is party for the best interests of successors to the estate. A personal representative is a fiduciary who shall observe the standards of care applicable to trustees as described in section 7–302 ....

Title 18–A M.R.S.A. § 7–302 (1998) was repealed by P.L.2003, ch. 618, § B–11 (effective

July 1, 2005) and replaced with 18–B M.R.S. §§ 801–817 (2005), which now governs the duties and powers of a trustee, including the duties of loyalty and impartiality. The subsequent amendment does not affect this appeal, as the prior law was still in effect in 2002. Former section 7–302 was the operable provision at the time of the court's 2002 order.

**4.** Title 18–A M.R.S. § 3–715 provides that a personal representative acting reasonably for the benefit of the interested persons of the estate is authorized to undertake twenty-seven distinct categories of transactions, including the retention and receipt of estate assets, the performance of the decedent's contracts, and various investment activities. 18–A M.R.S. § 3–715(1), (2), (3), (12) (2005).

including attorney fees, may be awarded to opposing parties if an appeal is frivolous or instituted primarily for the purpose of delay. Sanctions are appropriate in "egregious cases," when "an appeal is obviously without any merit and has been taken with no reasonable likelihood of prevailing, and results in delayed implementation of the judgment of the lower court; increased costs of litigation; and dissipation of the time and resources of the Law Court." *Town of Naples v. Yarcheski*, 2004 ME 100, ¶ 11, 854 A.2d 185, 188 (quotation marks omitted). Dineen's present appeal was taken with no reasonable likelihood of success, and is without any merit. Dineen has further delayed the final settlement of this estate/probate process, increased the costs of litigation, and wasted the resources of the Probate Court, and of this Court. These proceedings have continued since the estate was admitted to probate in 1996. Despite the prior imposition of sanctions in excess of $60,000 for filing frivolous motions during this ten-year-long probate proceeding, Dineen continues to engage in his dilatory tactics. Thus, we impose sanctions in the form of attorney fees and treble costs.

The entry is:

Judgment affirmed. Sanctions are imposed on James M. Dineen in the amount of $5000 toward attorney fees incurred by Marie T. Dineen and the personal representative, and treble costs.