2008  ME  16

**Estate of Theodore LIPIN.**

Supreme Judicial Court of Maine.

Submitted on Briefs:  Dec. 11, 2007.
Decided:  Jan. 29, 2008.

Joan Carol Lipin, New York City, pro se.

David. S. Sherman, Drummond Woodsum & MacMahon, David P. Silk, Curtis Thaxter Stevens Broder & Micoleau, LLC, David E. Hunt, Law Office of David E. Hunt, Portland, for appellees.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, and MEAD, JJ.

PER CURIAM.

[¶ 1]  Joan Carol Lipin challenges the denial of her request for recusal entered in the Cumberland County Probate Court (*Mazziotti, J.*)in connection with the probate of the estate of her father, Theodore Lipin.  We affirm the judgment, and because the appeal is frivolous, we impose sanctions on Joan for its prosecution.

## I.  BACKGROUND

[¶ 2]  Theodore Lipin died on October 6, 2005, while residing in Stockholm, Sweden.  He is survived by his three children, daughters Joan Carol Lipin and Ann Susan Markatos, and son Robert Lipin.  Approximately five weeks prior to his death, on August 31, 2005, Theodore executed his will in two languages, one in English and one in Swedish, leaving equal portions of his estate to his three children.  The personal representative of Theodore's estate sought formal probate of the 2005 will in the Cumberland County Probate Court.  Joan also petitioned the Cumberland County Probate Court for formal probate of a different will.  The will submitted for probate by Joan was dated 1989, was unsigned, and purported to leave the entire estate to Joan.

[¶ 3]  A protracted and highly contentious period of litigation followed in which Joan filed multiple actions in various courts concerning her father's estate, and tried unsuccessfully to remove the matter to the Superior Court, to the United States District Court, and to the United States Court of Appeals for the First Circuit, resulting in sanctions to Joan.  Joan also unsuccessfully attempted multiple times to appeal various interlocutory orders to this Court.

[¶ 4]  Following a hearing, the Probate Court admitted the 2005 will to probate and denied Joan's petition to admit the unsigned 1989 will to probate.  Joan moved to vacate and for relief from that judgment, and requested, for the second

time, that the Probate Court judge recuse himself on the ground that the final judgment admitting to probate the 2005 will was proof of the judge's "malicious and retaliatory" lack of impartiality. The court denied Joan's request for recusal.[1] Joan appealed.[2]

## II. DISCUSSION

[¶ 5] Joan contends that the Probate Court judge erred in refusing to recuse himself from the matter following the decision to admit the 2005 will to probate. She argues that the Probate Court judge's maintenance of a personal law practice in addition to that of his position with the Probate Court constitutes a conflict of interest mandating recusal.[3] We review the trial court's disposition of a motion for recusal only for an abuse of discretion. *Gauthier v. Gauthier*, 2007 ME 136, ¶ 8, 931 A.2d 1087, 1090.

[¶ 6] The court acted well within its discretion in denying Joan's request for recusal. The only assertions of impartiality to which Joan referred were (1) the fact that the court had found against her in various orders, and (2) that the court had violated "each and every" canon of judicial conduct. The fact that a court has decided disputed issues of law and fact against a party is not, without more, evidence of impartiality. *See* M.R. Civ. P. 54; M.R. Prob. P. 54. Further, Joan's nonspecific allegation of violation of every judicial canon is not a sufficient basis to find that the court exceeded its discretion in failing to recuse itself. Finally, although Joan now contends that the court should have recused itself on the ground that the judge also maintains a private law practice, her failure to raise that ground before the trial court precludes us from reviewing it. *See Estate of Dineen*, 2006 ME 108, ¶ 4, 904 A.2d 417, 419 (stating that issues raised for the first time on appeal are not preserved for appellate review). We therefore affirm the Probate Court's denial of Joan's motion to recuse.

[¶ 7] Furthermore, we are persuaded that Joan's prosecution of this, her fourth appeal in the same matter, is frivolous. *See* M.R.App. P. 13(f) (stating that we may sanction a party by awarding "treble costs and reasonable expenses, including attorney fees" if we determine that the party's appeal is "frivolous or instituted primarily for the purpose of delay"). Joan's first three appeals were interlocutory and were dismissed, and this last appeal was dismissed in part as untimely.

[¶ 8] By these proceedings, Joan sought probate of an unsigned will that

---

1. In a previous motion to the court, Joan had demanded the judge's recusal on the basis that he "violated each and every Code of Judicial Conduct" and showed bias in granting other parties' discovery requests.

2. We granted in part the motion of Ann Susan Markatos to dismiss the appeal as untimely, leaving Joan's challenge to the court's order denying her request for recusal as the sole issue in this appeal.

3. Joan also asserts that the court erred in denying the portion of her motion seeking relief from judgment on the ground of "newly discovered evidence of fraud." Joan has not established that any evidence exists that "by due diligence could not have been discovered in time to move for a new trial," however, and instead relies on her version of the facts as expressed in her testimony at the final hearing on the petitions for probate. M.R. Civ. P. 60(b)(2). This is not the type of evidence sufficient to justify an order of relief from judgment, and we will not disturb the court's decision on this basis. *See Estate of McCormick*, 2001 ME 24, ¶ 39, 765 A.2d 552, 565 (upholding the trial court's denial of a motion for relief from judgment asserting only an "interpretation of the testimony [that] conflicted with the court's interpretation of the testimony").

predated her father's validly executed (in two languages) true will. The only issue presented to us for appellate review is whether the court erred in failing to recuse itself simply on the basis of having made various rulings against Joan's wishes. The voluminous record from the Probate Court makes it clear that Joan, who represents herself and who is extraordinarily litigious, has burdened the court with many lengthy and unnecessary filings, and has unnecessarily delayed final resolution of the probate of her father's estate. As the Probate Court noted, Joan has filed "an enormous number of pleadings . . . of highly questionable validity" exhibiting "dilatory conduct" and "vexatious litigation tactics" by "abusive pleadings" that have resulted in a waste of legal fees, burdened the clerks' offices, and wasted time and resources. This appeal is of the same nature.

[¶ 9] We impose sanctions on Joan, including treble costs, and conclude that she should be required to pay each of the appellees' attorney fees in connection with this appeal, such fees to be determined on remand by the Probate Court.

The entry is:

Judgment affirmed. Remanded to the Probate Court for calculation and award of the appellees' attorney fees and treble costs.