MAINE SUPREME JUDICIAL COURT                              Reporter of Decisions
Decision:      2015 ME 71
Docket:        Cum-14-351
Submitted
  On Briefs:   April 23, 2015
Decided:       June 9, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and JABAR, JJ.

THOMAS J. YARCHESKI

v.

P&K SAND AND GRAVEL, INC.

JABAR, J.

[¶1]  Thomas J. Yarcheski appeals from a judgment of the Superior Court affirming a small-claims judgment in favor of P & K Sand and Gravel, Inc. (P&K), and also from the court's denial of his motion to recuse the Superior Court justice. Because Yarcheski raises only factual issues not properly before us on appeal, and because his claims of judicial bias are entirely unfounded, we affirm.

I. FACTS

[¶2]  On the morning of November 23, 2011, a wet, heavy snow fell over Naples, where Yarcheski resides. At dawn that morning, Yarcheski heard what he described as a diesel-powered dump truck pass by his home, but he did not see the vehicle. Later that morning, Yarcheski observed that his roadside mailbox was slanted off of its original 90-degree angle to the ground, but he did not observe any

damage to the arm, the post, or the mailbox itself. He also observed that snow had been splashed onto his mailbox and street number sign as well as his neighbor's mailbox. Months later, Yarcheski repositioned his mailbox, and when he did so, a copper "breakaway pin" inside the mailbox snapped.

[¶3]   Yarcheski filed a small-claims action against P&K, the town's snowplow contractor, seeking $450 for the damage to his mailbox. At the District Court (Bridgton, *Moskowitz, J.*) hearing, Yarcheski admitted that he never saw P&K's plow truck on November 23, 2011, and that no other witnesses observed anyone damage his mailbox that day. On July 2, 2013, the District Court entered a notice of judgment in favor of P&K, concluding that Yarcheski had not met his burden of proof.

[¶4]   Yarcheski appealed to the Superior Court (Cumberland County, *Cole, J.*), and then filed a motion to recuse the Superior Court justice, citing a previous matter in which the justice had entered a judgment against Yarcheski. The court denied Yarcheski's motion and, after a hearing, affirmed the small-claims judgment by an order dated August 4, 2014. The court concluded that Yarcheski failed to establish beyond mere speculation that P&K had breached a duty or caused the damage to his mailbox. The Superior Court also noted that its review of the small-claims decision was limited to questions of law, and that many

of Yarcheski's arguments on appeal were factual. Yarcheski timely appealed to us.[1] *See* M.R. App. P. 2(b)(3).

## II. DISCUSSION

A.    Review of the Small-Claims Judgment

[¶5]   When, as here, the Superior Court acts in its appellate capacity, we review the District Court's judgment directly. *Franklin Printing v. Harvest Hill Press*, 2002 ME 116, ¶ 5, 801 A.2d 1004. When a plaintiff appeals from a small-claims judgment, appellate review is limited to questions of law. *See* M.R.S.C.P. 11(d)(1); M.R. Civ. P. 76D.

[¶6]   As with his appeal to the Superior Court, Yarcheski's appeal to us raises only issues of fact. He does not argue that the District Court committed any errors of law in rendering judgment in favor of P&K. Rather, Yarcheski argues that the facts show that P&K breached a standard of care and thereby caused the damage to his mailbox. Moreover, Yarcheski failed to include in his appendix any portion of a transcript of the small-claims proceeding, which is necessary for adequate appellate review of the District Court's decision. *See* M.R. App. P. 8(h)(7). An appellant's failure to include mandatory contents in the appendix may

---

[1]   After filing his appeal, Yarcheski filed a motion seeking the recusals of Chief Justice Saufley and Justice Alexander, citing the justices' "penchant for partiality, favoritism, and bias" in relation to *Town of Naples v. Yarcheski*, 2004 ME 100, 854 A.2d 185, the same matter in which the Superior Court justice in this case decided against him. Chief Justice Saufley and Justice Alexander each denied Yarcheski's motion for recusal.

4

result in the appeal being dismissed. M.R. App. P. 4(c), 8(c)(5), (j). Because our review of Yarcheski's appeal is limited to questions of law, we do not reach the merits of his factual arguments.

B.    Yarcheski's Motion for Recusal

[¶7]    "Because the trial court's decision to recuse is within its sound discretion, we review the decision on a motion to recuse for abuse of discretion." *In re Michael M.*, 2000 ME 204, ¶ 9, 761 A.2d 865.

[¶8]    Yarcheski's motion for recusal was based solely upon the Superior Court justice's presiding over the bench trial in a prior, unrelated matter. *See Town of Naples v. Yarcheski*, 2004 ME 100, 854 A.2d 185. He cites no basis for recusal other than the justice's presiding over that trial, and that there were "many other Justices who could have conveniently and effectively presided over" his appeal to the Superior Court in this matter.

[¶9]    That the court decided a previous, unrelated matter against Yarcheski is not evidence of partiality. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994); *In re Estate of Lipin*, 2008 ME 16, ¶ 6, 939 A.2d 107. The court acted well within its discretion in denying Yarcheski's motion for recusal. Indeed, in light of Yarcheski's meritless claim of partiality, it would have been an abuse of the court's discretion had the justice recused himself. *See Charette v. Charette*, 2013 ME 4, ¶ 23, 60 A.3d 1264.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Thomas J. Yarcheski, appellant pro se

Matthew T. Mehalic, Esq., Norman, Hanson & DeTroy, LLC, Portland, for appellee P&K Sand and Gravel, Inc.

Cumberland County Superior Court docket number AP-13-42
FOR CLERK REFERENCE ONLY