STATE OF MAINE
ANDROSCOGGIN, ss

SUPERIOR COURT
DOCKET NO. AP-20-02

Susan Hawes,      )
                  )
    *Appellant,*  )
                  )
v.                )        **Order on Appeal**
                  )
Coastal Neurobehavioral Center, P.A.,  )
                  )
    *Appellee.*   )

This matter comes before the court on the appeal of Plaintiff/Appellant Susan Hawes from the District Court judgment after trial in favor of Defendant.

*Factual and Procedural History*

Plaintiff is married to Philip Hawes. In 2018, Plaintiff and her husband hired an attorney to assist with appealing an adverse MePERS decision regarding Mr. Hawes' disability. In connection with the appeal, Plaintiff hired Defendant On June 17, 2019, Plaintiff filed her small claims action in the Lewiston District Court, alleging in essence that she had hired Howard Kessler, Ph. D., an agent and principal in Defendant Coastal Neurobehavioral Center, P.A., to perform an evaluation of Mr. Hawes. Plaintiff paid $3500 for the evaluation.

Dr. Kessler reviewed a large number of records, and evaluated and performed tests on Mr. Hawes. He issued a report. Plaintiff was dissatisfied with his performance, claiming that his report and evaluation were not independent and were fraudulent. Dissatisfied with his performance and alleging he failed to do what he was hired to do, she asked for her money back. A trial was held on January 15, 2020[1] at which both parties appeared, representing themselves.

---

[1] Defendant had previously been defaulted upon its failure to appear, but the default was set aside and trial set for January 15, 2020.

1

Following the trial, the trial court (Sutton, J.) made detailed written findings of fact and entered judgment for Defendant. The District Court found Dr. Kessler credible and found that Plaintiff was not entitled to a refund. The District Court specifically found that "Plaintiff contracted with Defendant for an independent evaluation, and although she did not like Dr. Kessler's ultimate conclusion of the evaluation, she received the evaluation for which she contracted." *District Court Order*, January 22, 2020 at p. 6. Following the denial of her motion to reconsider, Plaintiff filed this appeal.

Pursuant to M.R. Civ. P. 76G(c), and in light of the pandemic and the court's limited ability to hold hearings, oral argument is waived by the court.

### *Standard of Review and Analysis*

Pursuant to M.R.S.C.P. 11(d), in a small claim case "[a]n appeal by a plaintiff shall be on questions of law only and shall be determined by the Superior Court without jury on the record on appeal." The Superior Court may not decide the facts in a small claim appeal. *Taylor v. Walker*, 2017 ME 218 ¶ 6.

Plaintiff frames the issue as whether the District Court erred when applying contract law to the facts. The issue she argues, however, is really one of fact, not law. For example, she states that the "Court decided the case using contract law . . . However, the evidence demonstrates Dr. Kessler materially breached his contract with Mrs. Hawes to provide his independent medical opinion as a professional psychologist after conducting an independent neuropsychological assessment". *Plaintiff's Brief on Appeal* at p. 14 ¶¶ 46 -47. This is an argument that the facts are different that those found by the District Court. Her argument in conclusion is similar:

> Dr. Howard R. Kessler breached the contract with Mrs. Susan Hawes when he
> changed the independent neuropsychological assessment services he offered to

2

Mrs. Hawes as a clinical psychologist. Kessler abandoned his commitment to Mrs. Hawes to provide his objective opinion and instead, Dr. Kessler engaged in "strategizing" with Attorney Conley undisclosed to Mrs. Hawes. Dr. Kessler altered his diagnosis and report to make a legal case for the attorney. Dr. Kessler's breach of contract was to Mrs. Hawes's detriment and left Dep. Hawes with a neuropsychological assessment unusable for any purpose.

*Plaintiff's Brief on Appeal* at p. 28 ¶ 66. In other words, Plaintiff argues on appeal as a matter of fact that Defendant breached the contract. The District Court found the facts to the contrary, that "although she did not like Dr. Kessler's ultimate conclusion of the evaluation, she received the evaluation for which she contracted." *District Court Order*, January 22, 2020 at p. 6. Plaintiff's argument on appeal solely concerns the facts, and is not an argument that the District Court committed any errors of law. Because this appellate review is limited to questions of law, the court can not and does not reach the merits of her factual arguments. *Yarcheski v. P&K Sand & Gravel, Inc.*, 2015 ME 71 ¶ 6.

## Conclusion

Because Plaintiff points to no cognizable error of law committed by the District Court, the appeal is denied and the Judgment of the District Court affirmed.

This Order on Appeal may be incorporated on the docket of the case by reference pursuant to Me. R. Civ. P. 79(a).

Dated: 1/21/21

Valerie Stanfill
Justice, Maine Superior Court

3