STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. AP-2022-036

DEBORAH HARMON,                     )
                                    )
        Appellant/Plaintiff,        )
                                    )
    v.                              )                **DECISION**
                                    )
SOPHIA HILLGRAF,                    )
                                    )
        Appellee/Defendant.         )

This matter is before the Court on Appellant/Plaintiff Deborah Harmon's appeal from a small claims judgment of the District Court (Portland, *Woodman, J.*) in favor of Appellee/Defendant Sophia Hillgraf. For the following reasons, the Court vacates the judgment and remands for further proceedings.

## I.    Background

This small claims action arises from a motor vehicle accident. A hearing was held on Ms. Harmon's statement of claim on August 25, 2022. At hearing, the parties did not dispute that Ms. Hillgraf was at fault for the accident, which caused damage to Ms. Harmon's vehicle. Nor did the parties dispute that Ms. Hillgraf was uninsured at the time of the accident, that Ms. Harmon was advised that her vehicle was not safe to drive until repaired, or that Ms. Harmon paid for a rental vehicle while her car was being repaired.

The repairs took several months because the necessary parts were unavailable. Ms. Harmon claimed, and Ms. Hillgraf did not dispute, that the cost of the rental exceeded the amount her own insurance would cover ($600.00). Ms. Harmon offered the bills she received for the rental vehicle as evidence of the expenses. She sought recovery of the rental costs she incurred over the $600.00 covered by her insurer, which totaled $3,959.43.

Ms. Hillgraf testified that Ms. Harmon's insurer had demanded certain amounts

REC'D CUMB CLERKS OFC
MAR 1 '23 PM 12:28

from her related to the repairs, most of which Ms. Hillgraf had paid. She testified that the amount demanded by Ms. Harmon's insurer included the $600.00 of covered rental charges. Ms. Hillgraf's position was that her liability is limited to the amount covered by Ms. Harmon's insurer.

The District Court entered judgment for Ms. Hillgraf on August 25, 2022. The District Court did not issue specific findings of fact or conclusions of law. Ms. Harmon filed a notice of small claims appeal on September 7, 2022.

## II.     Legal Standard

When a plaintiff appeals from a small claims judgment, appellate review is limited to questions of law. M.R.S.C.P. 11(d)(1); *Yarcheski v. P&K Sand & Gravel, Inc.*, 2015 ME 71, ¶ 5, 117 A.3d 1047. Under this standard of review, any findings of fact of the District Court may be set aside only if clearly erroneous. M.R. Civ. P. 76D. On appeal, the Superior Court "may enter a judgment reversing or affirming, in whole or in part, the judgment appealed from and shall thereupon remand the case to the District Court from which it originated for entry of the appropriate judgment, or for any further proceedings." M.R.S.C.P. 11(f).

## III.     Discussion

The undisputed facts developed at the hearing before the District Court established that Ms. Hillgraf caused a motor vehicle accident, resulting in damage to Ms. Harmon's vehicle that rendered it unsafe to drive. Ms. Hillgraf admitted liability for the amounts paid by Ms. Harmon's insurer. The only dispute was whether Ms. Harmon could recover the rental costs she paid out of pocket.

Although neither party brought the statute to the attention of the District Court or this Court, recovery of vehicle rental costs is governed by 14 M.R.S. § 1454, which provides:

> In any action where recovery is sought for the destruction or damage of a motor vehicle, the owner of such motor vehicle shall be entitled to recover reasonable rental costs actually expended for a replacement motor vehicle during such time, not to exceed 45 days, as the damaged motor vehicle could not be operated or during such time, not to exceed 45 days, as is required to obtain a replacement motor vehicle for the destroyed motor vehicle.

14 M.R.S. § 1454; *see Flynn Constr. Co. v. Poulin*, 570 A.2d 1200, 1202 (Me. 1990). Thus, Ms. Harmon is entitled to recover forty-five days' reasonable rental costs.[1]

This Court, however, cannot determine the appropriate amount of such a judgment in its appellate capacity. The Court therefore vacates the judgment and remands to the District Court to make findings of fact and conclusions of law related to the application of 14 M.R.S. § 1454 to Ms. Harmon's claim.

## IV. Conclusion

For the foregoing reasons, the District Court's judgment is vacated. Ms. Harmon is entitled to recover the amount she expended for forty-five days' reasonable rental costs.

The entry is:

The judgment of the District Court is VACATED. This matter is remanded for further proceedings consistent with this decision.

The Clerk is directed to incorporate this Decision into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 3/1/23

Mary Gay Kennedy, Justice
Maine Superior Court

---

[1] Although Ms. Hillgraf argues that the delay in repairs was caused by Ms. Harmon's insurer, Ms. Hillgraf misrepresents the content of the portion of the transcript that she cites.