STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CIVIL ACTION
                                        DOCKET NO. AP-22-38

ADRIENNE PRIEST *et al*


v.                                      ORDER

DAVID KEENE

Adrienne Priest and James Alley (Plaintiffs)[1] were the Plaintiffs in a small claims matter the filed against David Keene. The court found in their favor in the amount of $1000. *Priest v. Keene,* PORDC-SC-2022-00049 (O'Neil, J.). They file an appeal, claiming, for a variety of reasons, that the amount awarded was insufficient. On April 19, the court affirmed the decision of the District Court. The Plaintiffs, however, correctly pointed out that the court did not yet have the benefit of the transcript of the hearing. Therefore, the court vacated the prior order and allowed additional briefing based on the transcript. The court now decides the appeal.

The record reflects that Keene leased property to Plaintiffs. On March 12, 2020, Keene gave Plaintiffs a notice to quit. They responded that they would be out by March 31. At the time, the COVID 19 pandemic had shut down most economic activity. On June 8, Priest texted Keene and told him he was moving out. On June 9, Keene went to the apartment and thought that it was in the worst condition he had ever seen. He said it was full of junk. When Priest arrived that day he told her she had to leave. He said she could come back with the manager when he was not there. He was upset at the condition of the premises. There was testimony disputing the condition of the premises. On June 14, Keene sent the Plaintiffs a letter informing then they would not see the

---

[1] Appellants characterize themselves as "Defendants" in the Notice of Small Claims Appeal, but were Plaintiffs in the small claims action.

REC'D CUMB CLERKS OFC
JUN 13 '23 PM 1:46

return of the security deposit. He claimed the damage to the apartment and the amount of unpaid rent exceeded the amount of the security deposit.

Plaintiffs argued there was an illegal eviction, noting the State's restrictions on evictions in place at the time because of Covid. The transcript reflects that the Plaintiffs left voluntarily. Keene never initiated eviction proceedings in the court. Although the record reflects that Keene threatened eviction with his March 12 Notice to Quit, he never acted on it. The governor's order restricting evictions was dated April 16, 2023. The record is devoid of any evidence of unlawful conduct by Keene to force the Plaintiffs out between March and when they left in June. They mention some proceedings through "housing" and "an onslaught," but there are no facts that they were forced out. There was testimony that the unit is next to the hospital, and they did not want to be there anymore.

When a plaintiff appeals a small claims decision, the Superior Court's review is limited to questions of law. M.R.S.C.P. 11(d); M.R.Civ.P.76F; *Taylor v. Walker*, 2017 ME 218, ¶¶ 5-6, 173 A.3d 539. The court cannot address the District Court's factual findings. *Yarcheski v. P&K Sand & Gravel, Inc.*, 2015 ME 71, ¶ 6, 117 A.3d 1047. Here, many of the Plaintiffs arguments ask this court to revisit the court's factual findings. The court cannot do that. Therefore, if the District Court found there was insufficient evidence to persuade the District Court that the Plaintiffs met their burden to prove certain facts, then this court may not second guess that determination.

The court addresses the Plaintiffs three main contentions.

1. The District Court erred by finding sufficient evidence of value with respect to some items and not others.

The court found for the Plaintiffs with respect to Plaintiffs' Denon receiver, a black chair, a Marantz receiver, and food and awarded $1000. The court did not find sufficient evidence to support the value claimed to find damages on the other items. This court reviewed the transcript

2

with respect to the other items and evidence of value is sparse. This court cannot disturb the District Court's factual finding here.[2]

2. The District Court erred by not returning any portion of security deposit.

After the Plaintiffs left the property, the landlord timely provided the tenant in writing with the reasons why he was withholding the security deposit. The tenant acknowledges he owed $1051 in rent. The District Court found that there was sufficient evidence of damages beyond wear and tear to justify withholding the rent. Plaintiffs offered a letter from Westbrook Housing indicating that, because they were not able to clean the residence, they were not holding the damages to the apartment against Plaintiffs for the purposes of determining whether there was a Section 8 violation. That does not mean, however, that the landlord could not retain his security deposit as a matter of law e presented at the hearing. Again, this court cannot disturb the District Court's factual findings.

3. The District Court erred by not finding an illegal eviction.

"No landlord may willfully seize, hold or otherwise directly or indirectly deny a tenant access to and possession of the tenant's rented or leased premises, other than through proper judicial process." 14 M.R.S.A. § 6014. The District Court found that the Plaintiffs left voluntarily. The court sees nothing in the record that would allow it to disturb the District Court's factual determination. There is evidence the Plaintiffs left voluntarily and there is no evidence of a pattern of willful conduct.

The entry is:

The District Court's decision in affirmed.

---

[2] Insufficient evidence of value would defeat the claim for these damages whether the cause of the damage was from mice or was from improper disposal of the property in violation of 14 MRS § 6013, 6014(c).

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: 6/13/23

Thomas R. McKeon
Justice, Maine Superior Court